IRA W. BIRD and TRUMAN BIRD, Plaintiffs in Error,

*vs.*

BERNHARD MAYER, ADOLPHUS G. MANDELL and
WYMAN NELSON, Defendants in Error.

ERROR TO CIRCUIT COURT, DANE COUNTY.

M. & Co., who were manufacturers of varnish, sold a quantity of wagon and
carriage varnish to B., a carriage maker, and then brought action for the
value of the varnish; B. answered that the goods were warranted to be
of good and perfect quality, and well adapted to the purpose for which they
were purchased, and that they were not. Held that this answer set up only
the warranty implied by law, and not an express warranty.

Where the manufacturer sells his articles for a particular purpose, the law
implies a warranty that the articles should be adequate to the purpose for
which they were sold and purchased.

The case of *Walton vs. Cody*, 1 Wis., 420, explained.

The complaint in this case averred that the defendants
below and plaintiffs in error were indebted for goods, wares
and merchandize, sold, &c., and there was appended to it a
bill for varnishes, amounting to $253 38. The varnishes are
described as wagon and carriage varnishes. To this the
defendants answered that they were not indebted, &c., for
these goods and merchandize; that said plaintiffs, at the time
said goods and merchandize were sold to said defendants,
warranted the same to be of a good and perfect qualty, and
well adapted to the purpose for which they were manufac-
tured and purchased; that the said articles of goods and
merchandize were not of a good or perfect quality, nor adapt-
ed to the purpose for which they were manufactured and

purchased; that the same were re-delivered to the plaintiffs by the defendants, and the defendants further deny each and every allegation of the complaint.

On the trial the plaintiffs proved by O. W. Munsell, a carriage painter, and who worked for the defendants, that they used varnishes which corresponded with those of the bill; and one of them said they had been furnished by the plaintiffs. The varnish was in cans in defendants shop, which would contain about the quantity. named in the plaintiffs' bill. The quality was good and well adapted to the purpose for which it was intended. The prices are the usual prices paid for varnish.

The defendants then called J. W. Griffin, a carriage maker, who had bought varnish of the same description of the plaintiffs at the same time. The defendant offered to prove that the varnish bought by this witness was not proper for the use it was sold for, and it was disallowed by the circuit court and excepted to.

The defendants then called a witness who had seen and known the cans in their shops, and asked him "what was the quality of the varnish in the cans?" This was objected to and over-ruled by the circuit court. The defendants then proved when the varnish was received, and how, and that it was emptied into the cans, and repeated his question, and it was rejected by the court, and exception taken.

The defendants proposed to prove the value of the varnish sold to the defendants by the plaintiffs, and that the same was not proper varnish for the use for which it was purchased from the plaintiffs, to which evidence the plaintiffs objected as inadmissible under the pleadings. The objection was sustained, and the defendants excepted.

The defendants asked the witness, " what was the quality of that varnish in those large cans in the defendants' shop?" To which question the plaintiffs objected as inadmissible

under the pleadings. The objection was sustained, and the defendants excepted.

The defendants asked the witness the following question : "Do you know the value of the varnish in the large cans in the defendants' shop, and if yea, what is that value?" The plaintiffs objected to the asking of the question as improper under the pleadings. The objection was sustained, and the defendants excepted.

The defendants asked the witness the following question : "Look at the bill attached to the deposition of O. W. Munsell, and state what quality of varnish should be bought at such prices as are named in that bill?" To the asking of which question the plaintiffs objected as improper under the pleadings. The objection was sustained, and the defendants excepted.

The testimony being closed, the defendants requested the judge to charge the jury in writing.

The judge charged the jury as follows ; "The defendants have been disallowed to prove, or try to prove by comparison or otherwise, that the varnish sued for was not as good as might or ought to have been purchased for the price charged, in this case, principally for the reason that they have set up an actual warranty in their answer, and an actual or express warranty does away with such warranty as the law might imply in the absence of an express warranty, and it is not allowable in pleading to set up an express warranty and then prove or rely upon an implied warranty, which is incompatible with the express warranty ; and hence the defense on the plea of warranty is not made out." To which ruling and every part thereof the defendants excepted.

The jury returned a verdict in favor of the plaintiffs and against the defendants for two hundred and sixty-eight dollars and seventy-five cents. On the same day the defendants moved the court *ore tenus* to set aside the verdict and grant

a new trial for the errors aforesaid, which motion was over-ruled by said judge, to which ruling the defendants excepted. Judgment was entered for the plaintiffs for the amount specified in said verdict, with costs. To reverse this judgment the plaintiffs in error have sued out this writ, &c.

*Wakeley & Tenney*, and *Samuel Crawford*, for plaintiffs in error, among other points urged the following: The defendants below sought to prove an implied warranty by showing that the goods were not adapted to the purpose for which they were manufactured and sold; which evidence was ruled out on the ground stated in the charge of the judge, and on the strength of the case of *Walton vs. Cody*, 1 Wis., 420. The answer in the case at bar differs materially from the answer in the case cited, in setting up precisely such a warranty as the law implies.

Under the former practice, in *quantum meruit* counts, it was usual to state as an express agreement or promise, that which was only implied in law. That is what was done in the answer in this case. Under the Code, also, facts are to be stated according to their legal effect. Whether the agreement, therefore, was express or implied does not appear by the answer. This is a question to be determined by the evidence and not by the pleadings.

*Smith & Keyes*, for the defendants in error.

The defendants below allege in their answer the breach of an express contract of warranty; they could not on the trial abandon that and attempt to rely upon any warranty that might be implied by law, for the latter defense would be wholly variant from, and inconsistent with that set up in the answer. If there was any express warranty made on the sale, in this case, it served as a substitute for, and did away with any warranty that might have been otherwise implied

by law. " The settled rule of the common law," says Kent, (see Com. vol. 4, page 469, and cases there cited) in speaking of warranties on sale of real property—"is that an express covenant will restrain or destroy a general implied covenant." And no reason is seen why the same rule does not apply to sales of personal property; the warranty implied by law, if any, might be entirely variant from the *express contract* made between the parties; and if it were of the same nature, the implied warranty would be merged in, or substituted by the actual express agreement, or contract of warranty, of the parties.

As this case appears, then, from the pleadings, it is not one in which any implied warranty of quality at all would have been raised by law, even supposing there was no express warranty. But as before said, an *express* warranty is set up in the answer; and it must be proved precisely as alleged. *Snell, et al., vs. Moses & Sons,* 1 Johns., 105; *Perry vs. Aaron,* 1 Johns., 129.

*By the Court,* SMITH, J. This was an action for goods sold by the defendants in error to the plaintiffs in error, viz: A quantity of varnish for the manufacture and finishing of wagons, carriages, &c., to the amount of $253 38 ; to which the defendants answered that the plaintiffs at the time the goods were sold warranted them to be of good and perfect quality, and well adapted to the purpose for which they were manufactured and purchased ; that the said articles were not of good and perfect quality nor adapted to the purpose for for which they were manufactured and purchased; that the same were re-delivered to the plaintiffs, &c. The case was tried by a jury, and on the trial a number of exceptions were taken to the evidence offered by the defendants below ; all of which have reference to the question of variance between the

proof offered and the pleadings under which the same was offered.

It is unnecessary to consider these exceptions in detail, for they all depend on the same question, viz: Whether the answer of the defendants sets out an express warranty, or whether it is a mere statement of the warranty implied by law in the sale of manufactured articles. We have no doubt that the latter is the case.

This was a sale of manufactured articles, designed for a particular purpose by the manufacturer, and the law implies a warranty that the articles so manufactured and sold should be adequate to the purpose for which they were sold and purchased. *Walton vs. Cody*, 1 Wis. Rep., 420. This is the warranty which the law implies in such cases; and the statement of the legal implication in the answer does not make the warranty an express one, unless the statement of the terms of the warranty goes further and alleges other matters which the law does not imply. This was not done in the answer filed in this case. It was a simple statement of the legal implication.

In *Walton vs. Cody* the law was correctly stated and applied. There was an express contract alleged beyond the legal implication; and the proof failing to support the contract as alleged, the defence failed.

As the whole theory of the trial in the court below was based upon the hypothesis that the contract set up in the answer was an express one; and as we are satisfied that the court erred in some important points in excluding evidence, as well as in the the charge to the jury, it follows that the ruling of the court below was erroneous.

Good pleading requires that a promise which the law implies should be stated. If it does not go beyond the legal implication it does not become an express contract. We do not think that the defendants below transcended this rule.

They purchased a specific, manufactured article, for a particular purpose. The law implied, that it was well adapted to the purpose for which it was manufactured and sold. The defendants below so alleged in their answer, as they, by law, were entitled to do. They did not go beyond this rule of law. They alleged only such a promise or warranty as the law implied, and were entitled to introduce their proof to sustain their allegations. In this case the legal maxim applies: "*Expressio eorum, quæ taciti insunt, nihil operator.*"

It follows that the court erred in excluding the proof offered by the defendants below as to the quality of the varnish, and also in the instruction given to the jury.

Judgment reversed; *venire de novo* awarded.