## James J. Kelly v. Harlan P. Waters.

*Declaration: Common counts: Assignment: Evidence: Bill of particulars.* In an action on the common counts to recover the price of fruit trees sold and delivered, the admission of evidence of an assignment of the claim is held not error under a statute which permits an assignee to sue in his own name; all needful notice of the nature of the demand may be obtained by a bill of particulars; and an amendment to cure the want of averment of an assignment would be matter of course.

*Delivery: Place: Railroads: Stations: Presumptions: Evidence.* It is fairly presumable that articles ordered to be " sent" will be delivered by a railroad company at their depot, in the absence of any other usage or agreement, and that the vendor will not be required to accompany them and make further delivery; and evidence in this case of a custom of fruit-tree sellers to make delivery at the stations along railroad lines, being in conformity with the legal presumption, could have worked no injury to the defendant.

*Evidence: Damages: Written order.* In a suit for the purchase price of trees sold and delivered under a written order which specifies the number of trees and the prices, the delivery having been proved and the trees shown to be of the quality and kinds ordered, it cannot be objected that there was no evidence authorizing the finding of the amount of damages, where that agrees with the amount of the order.

*Submitted on briefs January 29. Decided February 26.*

Error to Van Buren Circuit.

*Newton Foster*, for plaintiff in error.

*Albert Jackson*, for defendant in error.

CAMPBELL, J.

Waters sued Kelly for certain fruit-trees furnished under an order given by Kelly to L. I. Bragg & Co., of Kalamazoo, whereby the latter were requested to send the trees named to Kelly, at Decatur. In the printed part of the order (which would appear to be one of Bragg & Co.'s blanks) they were "payable in cash on delivery at Decatur," but subjoined was a memorandum "time at seven per cent., until January 1st, 1873."

The suit was brought before a justice of the peace, and the judgment against Kelly for fifty dollars was removed by *certiorari* to the circuit, where it was affirmed. It is brought here on error.

One principal ground of error alleged is, the admission of proof of an assignment of the claim by Bragg & Co. to Waters. As this was a suit on the common counts, and as an assignee may, under our statute, sue in his own name, we can see no force in this objection. A demand of a bill of particulars would have furnished all the information needed, and the order itself was filed in the case, so that Kelly could not have been surprised. The objection was not made very definitely, and if it had been meant to rely on the want of averment of an assignment, an amendment would have been allowed as a matter of course. But we see no difficulty, where the suit is under the common counts, in getting all needful notice of the nature of the demand by bill of particulars.

An objection is made to evidence that it was the custom of fruit-trees men to make delivery at the stations along railroad lines. The objection relied on is, that it was immaterial and irrelevant. As the case appears, there is nothing to show why such a custom may not have been

general and uniform. But whether this be so or not, it is fairly presumable that articles to be "*sent*" will be delivered by the railroad company at their depot, in the absence of any other usage or agreement, and that the vendor will not be compelled to accompany them and make further delivery. The evidence of the custom was in conformity with the legal presumption, and that could not be injurious which in no way changed the condition or rights of either party.

The only other objection stated in the affidavit for *certiorari*, which corresponds with the return, relates to the damages. It is claimed there was no testimony to authorize the finding of any particular amount, or of the fifty dollars which the justice found to be due.

The order given by Kelly named the prices as well as number of trees, and figured the amount at fifty dollars, after deducting seven dollars for a credit. Having done this, the only questions were, whether the trees had been delivered, and whether they came up to the quality and kind ordered. The jury having found for plaintiffs below on these points, the price was fixed and the damages ascertained by the order itself. If there was any error, it was in not giving interest; but this did not harm the defendant.

In one or two instances the errors do not conform to the record, and cannot be noticed. But there is nothing to indicate that the judgment is improper, and it must be affirmed, with costs.

GRAVES, CH. J., and COOLEY, J., concurred.

CHRISTIANCY, J., did not sit in this case.