## S. W. FOWLER v. JOSEPH HYLAND AND PLEASANT HYLAND.

*Jurisdiction concerning right of way—License—Special appeal—Amendment of declaration on appeal.*

Under the statutes of this State a justice of the peace has no jurisdiction of an action for the disturbance of a right of way.

An agreement in writing but not sealed whereby one for a consideration agrees to permit another to pass over the usual road or place for hauling over his premises either creates an easement or is a license merely. If it creates an easement, an action will not lie in justice's court for interrupting the passage; if it is a license merely, it is revoked by the interruption.

Objections to the jurisdiction in justice's court may be taken to the circuit court by special appeal.

Where the plaintiff declares in justice's court for a cause of action of which the justice has no jurisdiction, no amendment of the declaration in the circuit court on appeal can save the case.

Error to Manistee. Submitted Apr. 12. Decided Apr. 19.

CASE. Plaintiff brings error. Affirmed.

*S. W. Fowler*, in person, for appellant.

*D. S. Harley* for appellees.

COOLEY, J.  This suit originated in justice's court.  The plaintiff declared orally on the following contract:

"MANISTEE, June 1st, 1880.

In consideration of the sum of one dollar, to me in hand paid, I hereby agree to permit S. W. Fowler and his tenants to pass over the usual road or place for hauling, over my premises, to get to and from his two houses, next north of the river, on Maple street.

JOS. HYLAND,

PLEASANT $\overset{\text{her}}{\underset{\text{mark.}}{\text{X}}}$ HYLAND.

Witness: E. G. EMBLER."

The breach alleged was "that the said defendants have closed up said road and refused to permit and have not permitted said plaintiff or his tenants to pass over the same and thereby have compelled him to construct a road over which to pass, and put him to great trouble and expense, to his damage of fifty dollars." The plaintiff afterwards amended his declaration by adding the statement "that the premises in question are on the first block north of the bridge, in Manistee City, Michigan, on the east side of the street, and the said breach occurred and was continued from about April 1st, 1881, to the commencement of suit."

The defendants objected to the reception of any evidence under this declaration, for the reason that the justice had no jurisdiction of the case; but the objection was not sustained, and evidence was received and plaintiff had judgment. The defendants then took a special appeal, and assigned for error the reception of evidence under the declaration, and the giving of judgment for the plaintiff. When the special appeal came on for hearing, the plaintiff requested leave to amend his declaration, but this was refused, and the judgment was reversed for want of jurisdiction.

It is very plain, we think, that the justice had no jurisdiction. The statute provides that "No justice of the peace shall have cognizance of real actions, actions for a disturbance of a right of way, or other easement." Comp. L. § 5250. If the contract in question gives a right for the disturbance of which an action will lie, it must create an easement. If it falls short of this, it is a license merely,

and was revoked by closing up the way. Whether this paper creates an easement is, therefore, unimportant. If the contract was intended as a deed, the mere omission of a seal would not render it ineffectual. Comp. L. § 6194. But neither party claims that it is a deed, and it would be immaterial if they did, for reasons already given.

If the justice had no jurisdiction the only further question is whether the circuit court was right in reversing the judgment on that ground. The objection, as has been already stated, was raised by special appeal. A special appeal under the statute—Comp. L. § 5432—brings up for examination objections " to the process, pleadings, or other proceedings, and the decision of the justice thereon, which would not. be allowed to be made on the trial of the appeal," and it also brings up the case for trial on the merits in case the objections are not sustained.

It is insisted for the plaintiff that the objection to the jurisdiction was not one to be brought up by special appeal under the statute, and therefore the court erred in sustaining it on the hearing of that appeal. It is also claimed that the circuit court should have permitted the plaintiff to amend his declaration and go to trial on the merits. Upon these claims we have only to say:

1. That no amendment could possibly save the case. The declaration before the justice put the case out of his jurisdiction. But when the appeal removed the case to the circuit court, it took up the same case that was before the justice: *Cross v. Eaton* decided herewith [post, p. 184]; and though an amendment might have been allowed in that court to correct errors of form, it could not be allowed for the purpose of making a new case and counting upon a different cause of action, for the very obvious reason that to do so would be to convert the appeal into an original suit.

2. As the circuit court would have been compelled to reverse the judgment when the case was called for trial on the merits, the plaintiff was not wronged by its doing so on the hearing of the special appeal, even if the jurisdictional question was not properly taken by that appeal. The

moment the nature of the action was called to the attention of the circuit judge, he must have refused to receive evidence, and would have proceeded to give judgment for the defendants: But we also think a special appeal was intended for such questions. They are not objections to be "made on the trial," but objections which preclude a trial altogether.

The judgment must be affirmed with costs.

The other Justices concurred.