JOHN HATZENBUHLER v. THOMAS LEWIS.

*Error—Action by individual for debt to firm.*

A judgment cannot be reversed upon an instruction to the jury which in itself was correct, whether the reason for it did or did not involve an opinion on facts.

A declaration on the common counts alone is insufficient in an action by an individual for the price of goods purporting to be sold by a firm in which he was a partner, if there is no showing of any assignment of the claim by the firm to the plaintiff, or of any notice to defendant of the firm's dissolution.

The issue made before a justice cannot be substantially changed in the circuit court on appeal.

Error to Wayne. (Jennison, J.) Oct. 11.—Oct. 24.

ASSUMPSIT. Plaintiff brings error. Affirmed.

*George S. Hosmer* for appellant. A parol assignment of an account is good: *Draper v. Fletcher* 26 Mich. 154; *Hooker v. Eagle Bank* 30 N. Y. 83; the common counts are sufficient to sustain a suit in justice's court on an assigned account: *Kelly v. Waters* 31 Mich. 404; *Snell v. Gregory* 37 Mich. 500; and pleadings in justices' courts are to be liberally construed: *Wilcox v. Tol. & A. A. R. R. Co.* 43 Mich. 584.

*Henry F. Chipman* for appellee.

CAMPBELL, J. Plaintiff sued defendant on the common counts, and recovered before a justice. Defendant appealed. On the trial at the circuit plaintiff undertook to recover for goods sold defendant by a firm of Robinson & Hatzenbuhler. Plaintiff's claim was that the firm had become dissolved, and that it was understood he was to have all the assets. No assignment was ever made, and it does not appear that any entries were made, or anything done beyond the arrangement or understanding in question. No notice was shown of any dissolution as given to defendant,

who produced a receipt in full from Robinson, which was given in settling up some old dealings about which there was some question how far they entered into firm dealings. The court below directed a verdict for defendant, giving as a reason that no such dissolution was shown as would authorize the suit.

We cannot reverse the judgment if this direction was right, whether the precise reason did or did not involve an opinion on facts. We do not feel quite sure that the conclusion of the judge was not warranted as applicable to the case as it stood. But there can be no doubt of the insufficiency of the declaration in regard to the assignment, and this may have caused some difficulty. The plaintiff declared simply on the common counts, the effect of which, on such a cause of action as the peculiar one relied on upon the trial, was to assert that the goods were sold and delivered by plaintiff, and not by the firm. There is no reference to any assignment in any paper returned by the justice. The evidence, therefore, did not tend to prove the cause declared on, and the verdict could not have been sustained on error if given for plaintiff and properly complained of.

The judgment must be affirmed with costs.

The other Justices concurred.

Afterwards at the same term a motion was made for a rehearing. Submitted October 30. Denied October 31.

*Hosmer*, for the motion, cited *Kelly v. Waters* 31 Mich. 404; *Gregory v. Snell* 37 Mich. 500; *Soper v. Mills* 50 Mich. 75, and *Wilcox v. Railroad Co.* 43 Mich. 584.

CAMPBELL, J. A motion for a rehearing being made on the ground that this case comes within some prior decisions, on which reliance was allowed on the common counts, we do not see their applicability. In those cases there was an assignment in fact to a third person, and not to a co-partner, and there was a proper claim informing the defendant

brought directly to his notice. In this case there was no express assignment, and without notice of dissolution the defendant had a right to deal with either partner. The declaration practically alleged a sole transaction, and the plaintiff sued as an original creditor of Lewis, who would have been a proper co-plaintiff with Robinson, but who could not sue as one of the firm and deprive Lewis of any of his privileges as a debtor of the firm. When sued in this way we do not think he was bound to meet such a peculiar claim as that relied on in the testimony, and the circuit court could not substantially aid plaintiff to change the issue as made before the justice.

The motion is denied without costs.

The other Justices concurred.