WILLIAM J. SINCLAIR v. DANIEL D. HATHAWAY.

*Enlargement of claim on appeal— Warranty of wholesomeness.*

1. Evidence of a Sunday contract is inadmissible in a suit growing out of subsequent transactions between the parties.

2. One who sued in justice's court upon a claim which he swore to be $65, swore to it on appeal as for $103.79. The court refused to charge that the variation should weigh with the jury against the good faith of the claim; but he said that plaintiff explained it as a mistake due to his not having his account books with him. There was no such explanation in the plaintiff's sworn testimony. *Held,* that the court underrated the importance of such loose swearing, and his error was material.

3. A baker impliedly warrants the wholesomeness of the bread which he sells at a discount to the peddler who distributes it.

Error to Wayne. (Jennison, J.)    May 7.—May 13.

ASSUMPSIT.    Defendant brings error.    Reversed.

*Chapman & Smith* for appellant.

*Robert Laidlaw* for appellee.

CAMPBELL, J.    Plaintiff sued defendant for a balance claimed to be due for bread.    Defendant claimed that the account had been balanced by bad bread returned, and by a sum of ten dollars paid in settlement of accounts.

Plaintiff was a baker, and defendant's business was to supply bread to customers about the city.    It appears that for a period defendant was employed by plaintiff to sell his bread, and make returns and pay for the bread furnished daily. Defendant claims that on several occasions the bread furnished was bad and unwholesome, and that he returned it to a sufficient extent to overbalance his payments, and that there was an understanding to that effect.    The parties are directly at variance on the facts.    There was a good deal of testimony showing that bread was often made unfit for use, and that

plaintiff had to sell it for feeding animals. He swore there was never any such thing.

The court below rightly excluded evidence of a Sunday contract before the business was entered into. But there was testimony of subsequent dealings tending to prove the theory of the defense.

The case being an appeal from a justice, it was shown and seems to have been admitted that in the justice's court plaintiff swore that the amount due him was only $65, while in the circuit he swore to $103.79, and recovered it. The court was asked to charge the jury that if plaintiff so swore below, and so changed his testimony without explaining why, that circumstance should weigh with the jury against the good faith of the claim. The court refused so to charge, but in the charge the court made this remark: "Defendant also states that the complainant only claimed $65 in justice court, but the complainant undertakes to explain it by saying that he made a mistake, as he did not have his books of account with him at the time." This had a decided tendency to induce the jury to regard the point as of no consequence. But it is not a small matter for a person who goes into court to swear to his claim, to pay so little regard to his oath as to take no pains to find out what is due. And beyond this, there is nothing in the plaintiff's testimony to show any such explanation given by him on oath. The error was material.

The court also refused to charge that plaintiff was subject by law to an implied warranty that the bread was wholesome, and in the charge stated the defendant's objections to apply chiefly to its marketable quality, and to its being soiled externally by getting dirty on the floor. There was, however, testimony from several sources that the bread was unfit for food, apart from its external appearance.

It was held in *Hoover v. Peters* 18 Mich. 51, that there is an implied warranty of wholesomeness in the sale of provisions for direct consumption. This question is not discussed in plaintiff's brief, and was left entirely out of view by the court, and the only reference to it was in connection with an express contract.

In this case defendant was, as plaintiff claims, in his employ as a peddler, bound to pay for his bread, at a discount, and his connection with the sales brings the case within the same principle. Defendant cannot be treated as a purchaser from a wholesale dealer of articles sold in the market for purposes of commerce. Bread is an article sold for immediate consumption, and never enters into commerce, and as one of the prime necessaries of life is of no use unless it is good for food. Defendant, as a mere middle-man between the baker and the consumer, and acting in his employment, had a right to expect bad bread to be made good, and the court should have so held. Mere externals he could see for himself, but bad quality would not always be detected without such a minute examination as the circumstances of such a business would render it difficult to make.

The judgment must be reversed and a new trial granted.

The other Justices concurred.