## LORANGER *v.* DAVIDSON.

1. PLEADING—COMMON COUNTS—EVIDENCE.
    Testimony showing a breach of a contract of employment, and damages because thereof, is inadmissible under a declaration on the common counts in *assumpsit* for work and labor performed for defendant at his request.

2. SAME—APPEAL FROM JUSTICE'S COURT—AMENDMENTS.
    Plaintiff, having so framed his declaration in justice's court, will not be permitted to amend in the circuit on appeal so as to allege the breach of contract, since such an amendment sets up an entirely different cause of action from that stated in justice's court.

Error to Bay; Maxwell, J.    Submitted April 23, 1896. Decided October 6, 1896.

*Assumpsit* by Fred C. Loranger against Thomas W. Davidson and another for work and labor performed. From a judgment for plaintiff, defendants bring error. Reversed.

*Van Kleeck & Anneke*, for appellants.

*U. R. Loranger*, for appellee.

MOORE, J. The plaintiff sued the defendants in justice's court. He declared "verbally on the common counts in *assumpsit*, and especially for work and labor performed by plaintiff for defendants, at their request, during the months of January, February, March, and April, at $75 per month." He obtained a judgment for $150. Defendants appealed to the circuit court. It was the claim of the plaintiff that on October 11, 1894, he made an oral contract with defendants to become the manager of their store for one year from

November 1, 1894, at a salary of $900 a year, payable monthly; that he worked nearly two months under the contract, when he was paid up and discharged without cause. He further claimed that he held himself in readiness to perform his contract, but was not allowed to do so. He sued to recover pay for the months of January, February, March, and April. It was the claim of the defendants that plaintiff was hired at $75 per month for the balance of 1894, and, if his work was satisfactory, he was to be continued in their employ; that his work was not satisfactory, and for that reason they did not retain him; and that he was paid in full for all that he did.

When plaintiff had put in some proof and given his version of the contract, objection was made to his putting in proof in relation to the months of January, February, March, and April, upon the ground that, if no work was done after the 1st of January, plaintiff should have counted on a breach of the contract, when this occurred:

"*The Court:* That is right, but I will permit him to amend.

"*Mr. Loranger:* In the court below, this point was not raised, and has been waived. The whole thing was gone into there.

"*The Court:* You are entitled to amend, and you may amend.

"*Mr. Anneke:* Will your honor hear some authorities upon the amendment?

"*The Court:* No; I don't care to hear them. You may file your amendment during the day. (Exception taken.)

"*Mr. Van Kleeck:* Will your honor pursue the ordinary rule where an amendment like this is made, and let us have the option to go to trial now or have the case go over? We say to your honor that we are not ready to meet the issue that is proposed by this amendment. It is an entirely new and distinct issue.

"*The Court:* Proceed. It is refused. (Exception taken.)"

The amendment was not made in fact, but was treated by the court as made, and was afterwards put in form.

Some testimony was given in the case over the objection of counsel, when this occurred:

"*Mr. Van Kleeck:* I would like to be heard.    Neither of these parties ought to be put to the expense of going to the Supreme Court on this question of pleading.

"*The Court:* I won't hear any more arguments on that subject.

"*Mr. Van Kleeck:* We desire when the amendment is made to interpose a different plea.    We have a right to interpose a different plea, and get witnesses to cover the new issue made.

"*The Court:* Very well.

"*Mr. Van Kleeck:* We ask that the case go over the term.

"*The Court:* Proceed.    (Exception taken.)"

The case did proceed against the objections of the defendants, and a verdict was rendered in favor of the plaintiff for $150.    Defendants bring the case here.

The first group of assignments of error relates to the amendment of the declaration directed by the court.    It is insisted that the amendment allowed made a different cause of action from that stated in justice's court, and was unauthorized by the statute.    In *Gorman* v. *Newaygo Circuit Judge*, 27 Mich. 138, it was held that a declaration upon the common counts in *assumpsit*, and one upon a special contract, are for distinct and different causes of action.    The cause of action stated in the amended declaration was entirely different from that stated in justice's court.    The jurisdiction of the circuit court on appeal is appellate only.    The appeal transfers to the circuit court the same cause that was before the justice, and an amendment cannot be allowed in the circuit that states a different cause of action from that stated in justice's court.    *Evers* v. *Sager*, 28 Mich. 50; *Fowler* v. *Hyland*, 48 Mich. 181; *Cross* v. *Eaton*, Id. 184; *Hatzenbuhler* v. *Lewis*, 51 Mich. 585.    We think the assignments of error are well taken.    We agree with the trial judge that the plaintiff should have counted upon a breach of the contract, and that the tes-

timony tending to show a breach of the contract, and damages because thereof, is not admissible under the declaration as framed.

The judgment of the court below is reversed, and a new trial ordered.

GRANT, MONTGOMERY, and HOOKER, JJ., concurred. LONG, C. J., did not sit.