WEST MICHIGAN FURNITURE CO. *v.* DIAMOND GLUE CO.

1. JUSTICES OF THE PEACE—APPEAL—CHANGE OF ISSUE—BREACH OF WARRANTY.

Where a declaration in justice's court set up a warranty that certain glue sold by defendant to plaintiff was "as good as the glue plaintiff was then using," it was error to permit plaintiff on appeal to introduce evidence that defendant's agent stated at the time of the sale that he was familiar with plaintiff's needs, that the glue would do his work, and that defendant would stand by the result in damages.

2. SALE—IMPLIED WARRANTY.

The rule that, on the sale of an article for a particular purpose by the manufacturer, there is an implied warranty that the article is reasonably fit for the purpose for which it is bought, is applicable to a sale of glue for use in the manufacture of furniture.

Error to Kent; Grove, J.    Submitted January 10, 1901. Decided July 19, 1901.

*Assumpsit* by the West Michigan Furniture Company against the Diamond Glue Company for a breach of warranty on a sale of chattels. From a judgment for plaintiff, defendant brings error. Reversed.

*Charles B. Blair* (*William J. Strong*, of counsel), for appellant.

*Peter Doran*, for appellee.

LONG, J. This suit was commenced in justice's court. Plaintiff declared orally on the common counts in *assumpsit*, adding a special count for breach of contract, "in which defendant represented certain glue it was selling to be as good as the glue plaintiff was then using." The plaintiff filed a bill of particulars, as follows:

| | |
|---|---|
| For the value of two barrels of glue sold and guaranteed by defendant, and invoiced under date of February 13, 1897. Amount paid for glue.......... | $66 36 |
| Labor and damages in rejoining and regluing materials, which were caused by reason of bad quality of glue.............................. | 75 00 |
| | $141 36 |

Defendant pleaded the general issue. On the trial in justice's court, plaintiff had judgment for the amount claimed, $141.36, and $10 costs of suit. Defendant appealed to the circuit court, where the cause was tried before a jury, and plaintiff had judgment for $106.04. Defendant brings error.

The defendant is an Illinois corporation, engaged in the manufacture of glue. The two barrels of glue were sold by its agent, one George E. Allison, to be used by the plaintiff in its furniture factory. The claims of the respective parties were very fully and fairly set forth in the charge of the court. Exceptions were taken to the charge, and certain exceptions taken to the introduction of evidence, and to the refusal of the court to give a certain request to charge.

The warranty set up in the declaration in justice's court was that the defendant represented "the glue it was sell-

ing to be as good as the glue plaintiff was then using;" yet the court permitted the plaintiff to introduce testimony showing that the defendant's agent said at the time he was selling the glue: "I am thoroughly familiar with what your needs are. This glue will do your work; and you put it right in, and I will stand by the result, and, if there is any damage, we will take care of it." There was no attempt made by the plaintiff to prove any express authority of the defendant's agent to make the warranty, nor a general usage of trade from which such authority could be inferred. It is settled that the warranty and breach set up in justice's court cannot be changed, and a new and different warranty and breach be set up in the circuit court on appeal there. *Loranger* v. *Davidson*, 110 Mich. 605 (68 N. W. 426). It was said in *Hatzenbuhler* v. *Lewis*, 51 Mich. 585 (17 N. W. 67, 273), that the issue made in justice's court cannot be substantially changed in the circuit court on appeal.

Defendant asked the court to charge:

"In the absence of affirmative proof that, at the time the glue was sold, a general usage existed in the glue trade that glue sold to furniture manufacturers is warranted to be suitable to the buyer's requirements, there is no implied warranty of the fitness of the glue, or that it was suitable for plaintiff's work."

This was refused. We think the court was not in error in refusing this request. A similar question arose in *Bird* v. *Mayer*, 8 Wis. 362. The plaintiff was a manufacturer of varnish, and sold to the defendant certain carriage varnishes. Suit was brought to recover the price, and was defended on the ground that the varnishes were warranted of good quality, and well adapted to the purpose for which they were bought. The court, in deciding the case, said:

"This was a sale of manufactured articles designed for a particular purpose by the manufacturer, and the law implies a warranty that the articles so manufactured and sold should be adequate to the purpose for which they were sold and purchased."

This is the rule that has been laid down many times by this court. *McCray Refrigerator Co.* v. *Woods*, 99 Mich. 269 (58 N. W. 320, 41 Am. St. Rep. 599); *Little* v. *G. E. Van Syckle & Co.*, 115 Mich. 480 (73 N. W. 554).

We find no error in the case, except the first here noticed. For that error, the judgment must be reversed, and a new trial granted.

The other Justices concurred.