## WOLVERINE SPICE CO. *v.* FALLAS.

1. AMENDMENTS—PLEADING—TRIAL.

Under the statute of amendments, it was not error to permit plaintiff, in an action for breach of warranty, to amend his declaration on the day of trial by making the averments more specific. 3 Comp. Laws, § 10268 (5 How. Stat. [2d Ed.] § 12969).

2. APPEAL AND ERROR—EXCEPTIONS—SAVING QUESTIONS.

Objections and exceptions are essential to review, on appeal, the admissibility of evidence received at the trial of an action at law.

3. SALES—BREACH OF WARRANTY — EXPRESS WARRANTY—EXCLUDING IMPLIED—FITNESS OF MERCHANDISE.

An express warranty as to quality and method of packing preserved fruit did not exclude an implied warranty of fitness for use and consumption.[1]

4. SAME—ACTIONS—DELAY.

Delay in commencing an action for breach of the implied

---

[1] On the question of the implied warranty of the fitness of articles of food, etc., bought for special purpose, see notes in 22 L. R. A. 195 and 15 L. R. A. (N. S.) 884.

warranty of fitness might be excused by testimony that the defect claimed to exist was not obvious and it required time to discover the existence of such unfitness.

Error to Kent; Brown, J. Submitted April 22, 1914. (Docket No. 108.) Decided October 2, 1914.

Assumpsit by the Wolverine Spice Company against Edwin Fallas for breach of warranty. Defendant brings error. Affirmed.

*R. M. Shivel,* for appellant.

*Taggart & Taggart,* for appellee.

MOORE, J. Plaintiff is a manufacturer and jobber of baking supplies. Defendant operates a canning factory at Lowell, Michigan. This is an action to recover money paid by plaintiff to the defendant for 165 cases of canned apples manufactured by the defendant and sold to the plaintiff by him. From a judgment in favor of the plaintiff the case is brought here by writ of error.

It is the claim of the plaintiff that prior to November, 1911, it bought fruit of defendant and had trouble with it because of a bad process of canning; that it had decided not to buy any more fruit from Mr. Fallas until after a talk with him, in which he said he had discovered the trouble and had remedied it; that, relying upon this statement, the following paper was signed:

"EDWIN FALLAS CANNING AND CANMAKING FACTORY,
"CAPACITY 8,000 GALLONS PER DAY.
"LOWELL, MICH., Nov. 29, 1910.
"Edwin Fallas of Lowell, Michigan, has sold to Wolverine Spice Company of Grand Rapids, Michigan, 400 doz. No. 10 apples in sanitary cans, nice, bright stock, winter fruit and solid pack, at $2.70 per doz. f. o. b. Lowell, Michigan.
"To be shipped locally as wanted or $2.65 per doz. if at once in car lot.

"Terms:—60 day note or 1½ per cent. off in 10 days from above date.

"Swells guaranteed for 6 months from above date.

[Signed]    "EDWIN FALLAS.

[Signed]    "WOLVERINE SPICE COMPANY.

"A. D. PLUMB, Pres't."

It is the further claim of the plaintiff that after receiving some of these goods, several of the cans taken at random were inspected and seemed to be all right. Before the fruit was all delivered, defendant expressed the need of money and plaintiff paid him for the goods; that later, it is the claim, the taste of gasoline and rubber permeated the fruit so that the customers of plaintiff made complaint, which complaints were transmitted to defendant, and that he urged plaintiff to have its customers instructed to boil the fruit uncovered, when the bad taste would disappear; one of the defendant's letters, dated June 30, 1911, having the following language in it:

"I think if you would instruct your bakers to boil the apples in open kettles (no cover) that disagreeable odor, if any, would evaporate and disappear in the steam.

"Yours truly,

"EDWIN FALLAS."

It is the further claim that the customers of plaintiff insisted they were entitled to good fruit without the bad odor, and that plaintiff tried to settle with defendant and have him take back the fruit, or settle for it. These efforts proving abortive, this litigation followed, with the result already stated.

The defendant tried his case in the court below without counsel. After verdict and judgment in favor of the plaintiff, a lawyer was hired, who at once moved for a new trial. This motion was overruled, the trial judge filing reasons for doing so.

The first assignments of error relate to the allowance of an amendment to the declaration on the day

of the trial. By the amendment, somewhat general averments in the declaration were made more specific. No new or different cause of action was stated. Defendant did not suggest that he desired the case postponed because of this amendment, and the case was tried upon the merits. The course taken is justified by section 10268, 3 Comp. Laws (5 How. Stat. [2d Ed.] § 12969), and the many cases cited in the note.

A considerable portion of the brief of counsel is taken up with arguments of alleged errors in the admission of testimony. As nearly all this testimony was admitted without objection, and all of it without exceptions being taken, we decline to review its admissibility. *Conger* v. *Hall,* 158 Mich. 447 (122 N. W. 1073).

Two questions are presented by the record which require consideration. The first of these is so concisely stated by counsel in the brief that we quote from it:

"The testimony conclusively shows that there was a written contract of sale containing express warranties in this case. The plaintiff's case was based entirely on the theory that there was an implied warranty of fitness over and above the express warranty, and that there was a breach thereof. There was no breach of this express warranty. There were no swells. The fruit put up in the cans was good fruit, and it was solid pack. This written contract of sale containing the express warranty excludes any implied warranty. There being no breach of the express warranties, we maintain that the defendant was entitled to a directed verdict at the close of the plaintiff's case. *Hall* v. *Car Co.,* 168 Mich. 640 [135 N. W. 118]; *Monroe* v. *Hickox, Mull & Hill Co.,* 144 Mich. 30 [107 N. W. 719]. * * *

"In *Cook* v. *Darling,* 160 Mich. 475, at page 481 (125 N. W. 411), many of the goods sold were articles of food that were intended for family consumption. This court, speaking through STONE, J., said:

"'It seems to be a well-settled doctrine in this State that where property is bought for a particular purpose, * * * and where articles are bought for consumption, * * * where there is not an express warranty, there is an implied warranty,

that the goods are fit for the purpose for which they were bought, and that articles of food are fit for consumption.' "

We think the logic of the argument is faulty. To illustrate: Would it be contended that if one made a contract for beef to be packed from the meat of steers four years old, if putrid meat was furnished there would be no defense to a suit for such meat, because the meat was from four-year old steers? To state such a claim is to answer it. We think counsel has misunderstood the decision in *Cook* v. *Darling, supra,* as will appear from the following language in the opinion:

"It is the claim of the defendant that these goods were sold with the express warranty that they were manufactured in compliance with the requirements of the food and drugs act of Congress (Act June 30, 1906, chap. 3915, 34 U. S. Stat., p. 768 [U. S. Comp. Stat. Supp. 1909, p. 1187]), and that they were produced with skill and care for the building up and holding of trade, and that there was a breach of this contract on the part of the plaintiff. Whether there was here an express warranty or not, the fact appears that many of the goods were articles of food, and all were intended for family consumption. It seems to be a well-settled doctrine in this State that where property is bought for a particular purpose, and only because of its supposed fitness for that, and where articles are bought for consumption, and the vendor sells them for that express purpose, the consequences of unsoundness are so dangerous to health and life and the failure of consideration is so complete that, where there is not an express warranty, there is an implied warranty that the goods are fit for the purpose for which they were bought, and that articles of food are fit for consumption. In such cases the vendor is held to a strict accountability. *Hoover* v. *Peters,* 18 Mich. 51; *Sinclair* v. *Hathaway,* 57 Mich. 60 (23 N. W. 459, 58 Am. Rep. 327); *Copas* v. *Provision Co.,* 73 Mich. 541 (41 N. W. 690); *Blodget* v. *Safe Co.,* 76 Mich. 538 (43 N. W. 451); *McCray Refrigerator, etc., Co.* v. *Woods & Zent,* 99 Mich. 269 (58 N. W. 320, 41 Am. St. Rep. 599); *Little* v. *G. E. Van Syckle & Co.,* 115 Mich. 480 (73 N. W. 554); *West Michigan Furniture Co.* v. *Glue Co.,* 127 Mich. 651 (87 N. W. 92)."

This language is germane in the case, and is decisive against the claim of appellant.

The other question demanding consideration is the claim that plaintiff delayed too long after knowledge came to him of the defect in the apples and is now estopped from claiming damages. We think this contention is met by the evidence that it took time to develop the defect, and that after it was called to the attention of the defendant, he urged plaintiff to have his customers remedy the defect by boiling the fruit in the open. This and all other testimony was submitted to the jury under proper instructions.

We find no reversible error.

Judgment is affirmed.

McALVAY, C. J., and BROOKE, KUHN, STONE, OSTRANDER, BIRD, and STEERE, JJ., concurred.