## CONGER *v.* HALL.

1. LIMITATION OF ACTIONS—APPEAL AND ERROR — PLEADING AFFIRMATIVE DEFENSES.

   The defense of the statute of limitations is not available on appeal where the point was not made in the trial court and no notice of the defense was given.

2. DAMAGES—EXCESSIVE COMPENSATION—NEW TRIAL.

   A verdict of $2,700 for services as housekeeper during nine years is not so excessive as to justify the court in setting it aside on motion for a new trial.

3. APPEAL AND ERROR—MOTION FOR NEW TRIAL — SAVING QUES-
   TIONS FOR REVIEW—EXCEPTIONS—STATUTES.

   Failure to except to the admission of evidence prevents a re-
   view of the question on writ of error, notwithstanding a mo-
   tion for a new trial on that ground.

Error to Berrien; Coolidge, J. Submitted October 6,
1909. (Docket No. 14.) Decided November 5, 1909.

Assumpsit by Emma Conger against Charles W. Hall
for work and labor. A judgment for plaintiff is reviewed
by defendant on writ of error. Affirmed.

*Cady & Andrews*, for appellant.

*Gore & Harvey*, for appellee.

HOOKER, J. The plaintiff claims to have been defend-
ant's housekeeper for a period of nine years, or there-
abouts, at his request, and brought this action to recover
the value of such service. She recovered a judgment,
which, on motion for new trial, was reduced to $2,700, as
a condition for the denial of that motion. The defendant
has brought the cause to this court by writ of error.

The defense made was that the defendant was a
boarder at an agreed price of $4 per week, at the plain-
tiff's home, which for a portion of the time she is alleged
to have rented of defendant at an agreed price of $7 per
month, and that defendant had fully paid for said board.
The questions that we are asked by counsel for defendant
(whose connection with the cause began after it was tried)
to review are:

(1) Was a portion of plaintiff's claim barred by the
statute of limitation?
(2) Was the verdict excessive?
(3) Was defendant prejudiced by the admission of cer-
tain testimony?

1. Statute of Limitation. It is claimed that plaintiff
should not have been permitted to recover for services ren-
dered more than six years before the action was com-
menced, for the reason that the plaintiff's claim was not a

mutual and open account.  Of this point it is sufficient to say that no notice of such a defense was given, and we are unable to find that it was raised in the trial court.

2. Was the verdict excessive?  The verdict was rendered for $3,480, and was reduced to $2,700.  In view of the services rendered, we cannot say that the compensation allowed was excessive, and in this connection we may add that the letters introduced were competent evidence, corroborating plaintiff's testimony as to the character of her services.  It is contended that, as these letters were all written before January 1, 1899, which is the date named in the bill of particulars as the time from which compensation is asked in this action, they were immaterial; but it is conceded that they were written after the relation began, and are therefore admissible for the purpose mentioned.  Furthermore, as there was some testimony tending to show that she did not return from Chicago until after January 1, 1899, the letters were also admissible upon that subject, as they corroborate her testimony that she returned from Chicago and was living with plaintiff in 1898.

3. Testimony claimed to have been erroneously admitted.  Counsel say in their brief that the verdict was affected by prejudicial matters that were not admissible.  It is stated by plaintiff's counsel in their brief that no exception to the admission of testimony was taken, except in relation to the letters hereinbefore held admissible.  We find no exceptions indexed, as required by rule, nor do we find any in the record; neither have defendant's counsel pointed out such exceptions.  It is contended that they are reviewable, notwithstanding the want of exceptions, inasmuch as they have been made grounds of a motion for new trial.  We do not so construe the statute.  3 Comp. Laws, § 10504.

We find no error, and the judgment is affirmed.

BLAIR, C. J., and GRANT, MONTGOMERY, and OSTRANDER, JJ., concurred.