COLWELL *v*. ALPENA POWER CO., LTD.

1. APPEAL AND ERROR—SETTING ASIDE VERDICT—NEW TRIAL.
    On motion for a new trial, it is the duty of the trial court, and, on error, of the Supreme Court, to set aside a verdict which is manifestly against the great weight of the evidence.

2. WATERS AND WATERCOURSES—FLOODING LANDS—DAM—DAMAGES.
    *Held*, that there was evidence supporting a verdict of $914 for flooding plaintiff's premises and injuring his timber by means of a dam.

3. APPEAL AND ERROR—NEW TRIAL—MOTIONS.
    It was, also, too late to raise the objection, upon defendant's motion for a new trial, that plaintiff had failed to show valid title.

Error to Alcona; Connine, J. Submitted November 5, 1913. (Docket No. 70.) Decided December 20, 1913.

Case by George W. Colwell against the Alpena Power Company, Limited, for flooding plaintiff's lands. Judgment for plaintiff. Defendant brings error. Affirmed.

*Henry, Henry & Henry,* for appellant.

*J. H. Cobb* and *O. H. Smith,* for appellee.

Plaintiff brings his suit against defendant to recover damages, which he claims have accrued to him by reason of defendant's unlawful act in flooding his (plaintiff's) lands, which lie on or near the shores of Hubbard Lake. At the outlet of said lake defendant maintains a dam. As originally constructed the dam was intended to hold the water in the lake only for the purpose of sluicing out sawlogs and other forest products. After it came into possession of defendant, the dam was rebuilt so that it was capable of maintaining a head of 6½ feet. It has, of late years, been the purpose of defendant to hold the water back in Hubbard Lake and release it as it is needed below for the operation of defendant's power plant. The lake, which is eight miles long by six miles in width, is thus converted into a storage reservoir. Defendant does not deny that its purpose has been to maintain a higher mean level of the waters in said lake than is natural, nor does it deny that, to some extent, it has accomplished that purpose. The facts so far as they relate to the maintenance of the dam in question are identical with those recently considered by this court in *Holcomb* v. *Power Co.,* 175 Mich. 500 (141 N. W. 534). Plaintiff secured a judgment for $914. Defendant reviews that judgment in this court by writ of error.

BROOKE, J. *(after stating the facts).* Two principal contentions are urged by defendant: *First,*

that the verdict and judgment are against the weight of the evidence, and, in any event, grossly excessive; and, *second,* that the verdict and judgment are against the law because of the alleged failure of plaintiff to show a perfect title to all the lands, claimed by plaintiff to have been damaged.

With reference to the first question the record discloses a very familiar situation. The plaintiff, a man of considerable experience as a lumberman, made a personal examination of his lands, claimed to have been damaged by the high water, and estimated the injury to the timber alone at $3,000. He further testified that the land itself, through erosion along the shore line, was damaged to the extent of $500. A further claim was made that a so-called meadow, which had formerly produced marsh hay, had, on account of the high water, become worthless for that purpose, being now grown up with bullrushes. Plaintiff's claims were supported to some extent (perhaps not very convincingly) by the evidence of others. On the other hand, defendant introduced the evidence of three expert timbermen, who made an examination of the lands in question. One of these estimated the damage to the timber at $250, another at $30, and still another at practically nothing. The jury heard the testimony of all these witnesses, and apparently became convinced that the extreme claims of neither party were sustained. The verdict is about one-fourth of the amount claimed by plaintiff, and nearly four times the amount fixed by any witness for defendant.

We recognize the rule contended for by defendant, that it is the duty of the trial court and, upon appeal, the duty of this court, to promptly set aside a verdict which is manifestly against the great weight of the evidence. We are, however, not convinced that this is a case in which the rule should be applied. The probative value of the expert evidence introduced by

defendant was determinable, and was determined by the jury. They apparently did not fully credit it, though they did permit its influence to greatly reduce the somewhat vague and, perhaps, exaggerated claim of plaintiff. After a careful perusal of the record, we are unable to say that the verdict was either against the great weight of the evidence or grossly excessive.

Relative to the second point, we find that it was not raised upon the trial. It is true defendant introduced an unsigned deed covering a portion of the lands involved, together with certain tax deeds covering other portions thereof. But no requests to charge were preferred, and upon the trial nothing was claimed for these deeds or any of them.

Upon a motion for a new trial, one ground set up was that "the verdict was against the law." We gather from the remarks of the trial judge in denying the motion that the claim that plaintiff had not shown a good title was then for the first time made. It was then too late. *Conger* v. *Hall,* 158 Mich. 447 (122 N. W. 1073).

The first 10 assignments of error are based upon allegations of error in receiving or excluding certain items of testimony. These have been examined, but we are satisfied that in this respect no prejudicial error was committed.

The judgment is affirmed.

STEERE, C. J., and MOORE, MCALVAY, KUHN, STONE, OSTRANDER, and BIRD, JJ., concurred.