## MOSS v. DETROIT & MACKINAC RAILWAY CO.

1. CARRIERS — DUTY TO DEPOSIT PASSENGER AT STATION — NEGLI-GENCE—FAILURE TO NOTIFY.

Evidence tending to show that plaintiff, a girl of about nine, and her brother about four years older, bought tickets and took a train of defendant railway company, the conductor of which agreed to let them know when to alight, that he neglected to tell them, and deposited the children nearly five miles from their destination, so that they were forced to walk back through a snow storm in cold weather nearly seven miles, and the plaintiff suffered from exposure and had a relapse into a serious illness from which she had recently recovered, *held*, to sustain a verdict for the plaintiff and finding that the illness was the proximate result of plaintiff's being carried past her destination.[1]

2. TRIAL—SPECIAL QUESTIONS.

Answers to special questions that would not be controlling of the verdict need not be required.

3. CARRIERS—REQUESTS—CONTRIBUTORY NEGLIGENCE.

The court did not err in refusing to submit a request of defendant that if there were places where the children could have stopped and avoided exposure it was their duty so to do.

Error to Bay; Collins, J. Submitted June 10, 1914. (Docket No. 50.) Decided July 24, 1914.

Case by Pearl Moss, by next friend, against the Detroit & Mackinac Railway Company for failure to carry plaintiff to destination, etc. Judgment for plaintiff. Defendant brings error. Affirmed.

[1] As to what injuries may be deemed the proximate result of discharging passenger at improper place, or one not his destination, see note in 7 L. R. A. (N. S.) 1177.

*Henry, Henry & Henry* (*James McNamara,* of counsel), for appellant.

*Thomas G. Baillie* (*R. L. Crane,* of counsel), for appellee.

MOORE, J. It is the claim of the plaintiff that on December 23, 1911, her father purchased one one-half fare ticket, and one full fare ticket at the office of the Pere Marquette Railroad in Saginaw, from Saginaw to Linwood. These tickets were to be used by Pearl Moss, who was nine years old, and by William Moss, a brother of Pearl, thirteen years old, who were going to spend Christmas with their grandfather, who lived on a farm about two miles from Linwood. At Bay City the children got a train on the defendant road, and it is claimed that when the conductor took up the tickets he told them he would tell them when to get off; that after passing a number of stations the boy asked the conductor if they had reached Linwood, and the reply was given, "You are away by that place, and you had better hurry and get off;" that the train was stopped, and they were compelled to walk back, and finally to walk to the home of the grandfather, which they reached about 7 o'clock on a cold, stormy day, snow being on the ground, and the children having a suit case to carry. It is claimed the distance they walked was approximately seven miles. It is further claimed that the girl was just recovering from diphtheria, and was made ill, from which illness she had not made a complete recovery at the time of the trial, nearly two years later. From a verdict and judgment of $380, the case is brought here by writ of error.

It is claimed a verdict should have been directed in favor of defendant: *First,* because no negligence was shown on the part of defendant, which was the proximate cause of the illness of the plaintiff; and, *second,* because plaintiff was guilty of contributory negligence.

It goes without saying that for the purposes of this case the testimony most favorable to the plaintiff must be regarded as true, even though the testimony of the girl and boy as to what the conductor said and did to them is contradicted by the conductor and brakeman. A very elaborate argument is made to show that being carried past the station was not the proximate cause of the illness of the plaintiff.

We do not think it can be said, as a matter of law, that no negligence on the part of defendant was shown. The facts surrounding the occurrence and the inferences to be drawn from them were for the jury. See 6 Cyc. pp. 585-586, and notes; 3 Thompson on Negligence (2d Ed.), p. 355; *Schroeder* v. *Railway Co.,* 174 Mich. 684 (140 N. W. 968). Nor do we think it can be said, as a matter of law, that this young girl was guilty of contributory negligence. 3 Thompson on Negligence (2d Ed.), p. 361.

A request was made that the court submit to the jury five special questions. The court disposed of this request as follows:

"Counsel for defendant have passed up five questions to be submitted to you. I decline to submit all of them, except question No. 3. My reason for that is that they were not submitted in time for proper consideration, and that I consider them each defective as rejected in some particular."

As to the third question the jury returned they could not agree. We have examined these questions; but it is not necessary to quote them. An answer to them would not be controlling of the verdict. We think the action of the court was not error. *Clement* v. *Crosby & Co.,* 157 Mich. 643 (122 N. W. 263); *Ward* v. *Campau,* 161 Mich. 85 (125 N. W. 734); *Malkowski* v. *Olfs,* 161 Mich. 303 (126 N. W. 199); *Dykstra* v. *Railway Co.,* 165 Mich. 13 (130 N. W. 320).

Defendant preferred the following request:

"In order to find a verdict against the defendant and in favor of the plaintiff, the jury must determine that the condition of the girl, Pearl Moss, at the time of the commencement of this suit was caused by the negligence of the defendant, or its legal representatives, and if, while at the place where the children left the train there were places for them to stop and remain, thereby avoiding the exposure which followed, it was their duty so to do, and the only damage which the defendant could be chargeable with would be such as resulted from the time they left the train until they could arrive at a place where they could remain without injury to their health, and the great burden of proofs is to the effect that within 300 or 600 feet of the place where the boy claims they left the train there were houses in which they could have waited and avoided any damageable result by exposure."

Counsel also call particular attention to the excerpts from the charge:

"Now it appears that there is an east and west road running through Linwood village, and in going to Linwood village from where they were put off the train, the children walked as far down as that. It also appears that Linwood station is some distance south of this east and west road running through Linwood village. Now, I charge you, as a matter of law, that for a distance between that east and west road running through Linwood village to Linwood station, for walking a distance as far as that on the road the children actually traveled, they cannot recover any damages. But if you find as a fact that the portion of the walk that I have described, viz., from the place where the children got off to Linwood village, less the distance from Linwood Park to that east and west road, for that distance if the plaintiff has sustained injury which you can measure by damages, she is entitled to recover. * * *

"I charge you, as a matter of law, that no contract plaintiff might have had could have carried her beyond Linwood Park on the defendant road; that the evidence shows that she would have had to walk from there to her grandfather's, the home of Peter Camaries; and that you shall not allow the plaintiff

to recover for injuries that may have resulted to her health by reason of walking a distance, equal distance from Linwood Park to the crossing or east and west road running through Linwood on the Michigan Central Railroad, and that there can in no case be a recovery for injuries received in walking the distance from Linwood village to the home of her grandfather,"—and assign error.

The record would not justify the giving of the defendant's request to charge. That portion of the charge we have quoted must have been given in the desire to be so cautious that no error should get into the case.

It is clear that the proximate cause of the long walk taken by the children was the fact that they were carried past their station. If any one has reason to complain of this portion of the charge, it is not the defendant.

The judgment is affirmed.

MCALVAY, C. J., and BROOKE, KUHN, STONE, OSTRANDER, BIRD, and STEERE, JJ., concurred.