DEGRANDCHAMP *v.* SLEPSKI.

NEW TRIAL—APPEAL AND ERROR—MOTIONS—EXCEPTIONS—SAVING
QUESTIONS FOR REVIEW—ARGUMENTS OF COUNSEL—EVIDENCE.
Objections to the admission of evidence and to improper argu-
ments of counsel should be made at the trial in order to
warrant a review on error; the failure of appellant to in-
clude proper exceptions thereto in his bill of exceptions
is not remedied by raising the point upon motion for a
new trial.

Error to Wayne; Barton, J., presiding. Submitted
June 8, 1915. (Docket No. 3.) Decided July 23, 1915.

Assumpsit in justice's court by Edward Degrand-
champ against Mathew Slepski for broker's commis-
sions. From a judgment for plaintiff defendant ap-
pealed to the circuit court. Judgment for plaintiff.
Defendant brings error. Affirmed.

*Harry C. Milligan,* for appellant.

*Frederick Miller* and *J. W. Bennett,* for appellee.

STONE, J. The plaintiff sued the defendant in jus-
tice's court to recover the sum of $285, which plaintiff
alleged was due him as a commission on the sale of
some real estate and personal property, made by his
agent, for the defendant. The plaintiff recovered a
judgment in justice's court, and the defendant ap-
pealed. The defendant not appearing at the first trial
in the circuit court, the plaintiff recovered a judg-
ment. Upon a motion for a new trial the judgment
was set aside and a new trial was granted. Upon the
second trial in the circuit court, before a jury, the
plaintiff had verdict and judgment for the amount of
his claim, with interest. A motion for a new trial
was made to set aside this judgment for the reasons:

(1) That the verdict was against the weight of the evidence.

(2) That plaintiff's attorney was permitted to read a certain affidavit of the defendant to the jury.

(3) That counsel for plaintiff in his argument to the jury referred to the defendant as a "self-confessed perjurer," and stated that "the truth was not in him."

The motion for a new trial was denied, and exception was taken to such denial and the reasons therefor.

The defendant has brought the case here upon writ of error, and the first three errors assigned are the same as those stated in the motion for a new trial. The fourth assignment of error is to the effect that the court erred in denying defendant's motion for a new trial. An inspection of the record shows, not only that no exception was taken to the ruling of the trial court in permitting defendant's affidavit to be read to the jury, but that such matter was withdrawn from the jury, and the court stated in their presence that the jury would not consider the matter. It further appears that no exception was taken to the argument of plaintiff's counsel to the jury, and no ruling of the court appears in the record relating to the matter, except that in its charge the court instructed the jury not to consider that part of the argument. Neither of these questions is therefore before us. We again call attention to the rule that failure to except to the admission of evidence, or arguments of counsel, prevents a review of the questions on writ of error, notwithstanding a motion for a new trial on that ground. *Conger* v. *Hall*, 158 Mich. 447 (122 N. W. 1073) ; *People* v. *Auerbach*, 176 Mich. 23-50 (141 N. W. 869).

The only assignments of error, therefore, which we can consider are those claiming that the verdict was against the weight of the evidence, and that the trial court erred in denying the motion for a new trial upon that ground. After a careful examination of the evidence, we cannot say that the verdict was against the

weight of the evidence. On the other hand, we are of opinion that there was ample evidence to support the verdict, that the case was properly submitted to the jury, and that the court did not err in denying the motion for a new trial.

The judgment below is therefore affirmed.

BROOKE, C. J., and KUHN, OSTRANDER, BIRD, MOORE, and STEERE, JJ., concurred.

The late Justice MCALVAY took no part in this decision.