# JUNE TERM, 1915.*

---

## MOSS v. DETROIT & MACKINAC RAILWAY CO.

1. CARRIERS — RAILROADS — PERSONAL INJURIES — CONTRACT — EVIDENCE.

    In an action against a railroad company by an infant 13 years of age for injuries received by being carried past his destination, and having to walk back a distance of nearly eight miles, in a storm, evidence that plaintiff's father purchased a ticket for him from the agent of another railroad, who was authorized to sell the same; that the ticket asked for was to Linwood, and the ticket received was to Linwood Park; that the conductor of defendant's train accepted the ticket without objection and promised to tell him when the train reached the station; that the defendant's brakeman told plaintiff when he got on that the train went to Linwood, *held*, sufficient to establish a contract to carry plaintiff to Linwood Park.

2. SAME—CONTRIBUTORY NEGLIGENCE—QUESTION OF FACT.

    It cannot be said, as matter of law, that plaintiff, at his age, in a strange place, and without any instruction from defendant's employees, or any one else, was guilty of contributory negligence in not stopping at some house instead of continuing his journey on foot to his destination.

3. APPEAL AND ERROR—EVIDENCE.

    Where plaintiff recovered in the court below, this court, on appeal, is bound to take that view of the evidence most favorable to plaintiff.

4. DAMAGES—PERSONAL INJURIES—PROXIMATE CAUSE.

    Whether the damages alleged in a particular case are the proximate results of the injury, is usually a question of fact for the jury.

---

*Continued from Vol. 187.

5. CARRIERS—DAMAGES—PROXIMATE CAUSE—NEGLIGENCE.

Where the evidence showed that plaintiff, who had previously been in good health, was suffering from cold and exhaustion when he reached his destination, gradually growing worse until pneumonia set in, and no exposure or cold, other than the one alleged, is shown by the testimony, the court was justified in submitting to the jury the question whether plaintiff's illness from penumonia was a proximate result of defendant's negligence.

6. SAME—DAMAGES—CONJECTURE—INSTRUCTIONS—TORT.

Although plaintiff would have had a considerable distance to walk to his destination, and it is impossible for the jury to determine what share of his illness was caused by the increased distance in being carried past the station, it was not error for the court to submit the question of damages to the jury, under proper instructions; this being an action in the nature of tort.

7. DAMAGES—CARRIERS—EXCESSIVE VERDICT.

Where plaintiff, an infant 13 years of age, brought an action for injuries caused by severe cold and resulting pneumonia, contracted by exposure and exhaustion in reaching his destination on foot after being carried past his station by defendant's train, necessitating an operation and large quantities of pus taken from his side, from which he had not fully recovered at the time of the trial, a verdict for $600 cannot be said to be excessive.

Error to Bay; Connine, J., presiding. Submitted April 21, 1915. (Docket No. 155.) Decided September 28, 1915.

Case by William Moss, an infant, by next friend, against the Detroit & Mackinac Railway Company for personal injuries. Judgment for plaintiff. Defendant brings error. Affirmed.

*Henry, Henry & Henry,* for appellant.

*Thomas G. Baillie* (*R. L. Crane,* of counsel), for appellee.

PERSON, J.   Plaintiff, who was a little more than 13 years old, with his sister Pearl, who was still younger, went from their home in Saginaw to pass Christmas with their grandfather, near the village of Linwood.   This was on the 23d day of December, 1911. From Saginaw to Bay City their route was by way of the Pere Marquette Railroad, and from Bay City over the defendant's road.   The children were traveling alone, and when the conductor on defendant's road took up their tickets, after leaving Bay City, he promised, as they claim, that he would notify them on reaching Linwood, and tell them when to get off.   They say that they relied upon this promise and did not hear the name Linwood called at any station.   After a time the plaintiff, thinking they had traveled far enough to have reached their destination, again spoke to the conductor, who told them that they had already passed Linwood, and had better hurry and get off, or they would be carried still further.   They thereupon left the train, at a flag station called Mitchie, and from there walked back, through the village of Linwood, to their grandfather's home, a distance of nearly eight miles, reaching there some time after dark.   The day was stormy and there was snow on the ground. The boy carried a suit case weighing some 15 pounds, and most of the way also a basket.   When he reached his grandfather's he was tired, had contracted a severe cold, and could not eat his supper.   From that time on he claims that he never felt well and always had a cold; that his lungs were continually sore; and that he suffered from pains in his side, as well as in other ways.   In May he became very ill with pneumonia, and was taken to a hospital, where an operation was performed, and large quantities of pus taken from his side.   He had not fully recovered at the time of the trial.   The jury awarded him a verdict for $600.

Before the trial of this case in the circuit court, the

sister had obtained a judgment in an action for the same alleged negligence, and that judgment had been affirmed by this court. *Moss* v. *Railway Co.*, 182 Mich. 40 (148 N. W. 204).

1. It is urged by defendant that no contract was established by which it was required to carry the plaintiff from Bay City to Linwood Park, or to any other station on its road. In this we think defendant is mistaken. There is evidence that tickets for the children were purchased by their father in Saginaw at the Pere Marquette depot, where the agent was authorized to sell tickets over defendant's road. It is true that the father asked for tickets to Linwood, and there was, at the time, no such station on defendant's line; but there was a station at Linwood Park, about two miles from the village of Linwood, and when tickets were asked for to Linwood the agent would say "Linwood Park" and sell the tickets to that place. The children testified that the conductor on defendant's road accepted their tickets without objection and promised to tell them when the train should have reached the station, so they might get off. They also testified that the brakeman told them, when they got on defendant's train, that it went to Linwood. There was plenty of evidence from which the jury could justly find that the children held tickets to Linwood Park, which were accepted by defendant's officials, and that the station was spoken of, by those connected with the road, both as Linwood Park and Linwood.

2. The trial judge left it for the jury to determine whether the plaintiff was guilty of any negligence that contributed to his injury. This was sufficient. It cannot be said, as matter of law, that the plaintiff, at his age, in a strange place, and without any instruction from defendant's employees, or anyone else, was guilty of contributory negligence in not stopping at some house, instead of continuing his journey on foot to his

grandfather's. This question was disposed of, substantially, in the other case.

3. It is urged that plaintiff's illness from pneumonia was not shown to have been a proximate result of defendant's negligence, and that the jury should not have been allowed to consider it in connection with the question of damages. But on this appeal we are bound to take that view of the evidence most favorable to the plaintiff. Looking at it in this way, we find that up to time of leaving defendant's train, after having been carried beyond his station, this boy of 13 had always been in good health. Upon reaching his grandfather's house, in the evening, having walked some eight miles, over a snowy road, on a more or less stormy winter day, carrying a heavy valise and a basket, he was too exhausted to eat his supper, and complained of having chills and not feeling well. After that he always had a cold, his lungs were continually sore, and he suffered from pains in his side. About the middle of January a physician was called, who has continued his treatment ever since. In April this physician thought he saw symptoms of pleuropneumonia, and on the 20th of May pneumonia was pronounced and severe. Later the plaintiff was taken to a hospital, where a surgical operation was performed, and a large amount of pus, which had been a long time in forming, was taken from his side. From this testimony it might be found that the boy's illness, resulting from his exhaustion and the cold contracted during his exposure, continued gradually to grow worse until pneumonia set in. The doctors agree that exposure and colds are the most common causes of pneumonia, and no exposure or cold, other than the foregoing, is shown by the testimony. Whether the damages alleged in a particular case are the proximate results of the injury is usually a question of fact for the jury. *Light* v. *Railway Co.*, 165 Mich. 433 (130 N. W. 1124, 34 L. R. A. [N. S.] 282) ; 4

Elliott on Railroads, § 1799. And we think the court justified in leaving that question to them in this instance.

4. It is further urged that, if plaintiff had not been carried by Linwood Park, the walk to his grandfather's would have equaled a considerable portion of that which he did take in getting back from Mitchie; that it was impossible for the jury to determine what share of his subsequent illness, if any, was attributable to the increased distance; and hence that the award of any damage was mere conjecture, and should not have been permitted. This, however, is an action in the nature of tort. In finding that plaintiff was wrongfully carried by his station, the jury have found that he is entitled to such damages as will compensate him for the injury. To refuse him all damages because their proper amount cannot be accurately measured would throw the entire loss upon the injured party, to the complete acquittal of the wrongdoer. As was said in *Allison* v. *Chandler*, 11 Mich. 542, 555:

"When from the nature of the case, the amount of damages cannot be estimated with certainty, or only a part of them can be so estimated, we can see no objection to placing before the jury all the facts and circumstances of the case, having any tendency to show damages, or their probable amount, so as to enable them to make the most intelligible and probable estimate which the nature of the case will permit. This should, of course, be done with such instructions and advice from the court as the circumstances of the case may require, and as may tend to prevent the allowance of such as may be merely possible, or too remote or fanciful in their character to be safely considered as the result of the injury."

The rights of the defendant were very carefully protected by the instructions given and we see no error in the submission of the question of damages to the jury.

5. Under all of the circumstances, it cannot be said

that the verdict was clearly excessive, nor that it was against the weight of evidence.

The judgment is affirmed.

BROOKE, C. J., and KUHN, STONE, OSTRANDER, BIRD, MOORE, and STEERE, JJ., concurred.

This case having been submitted on briefs, without oral argument, was reassigned after the death of Justice McALVAY.