SABIN P. SANGER *vs.* ROY S. MILBURY.

ROY S. MILBURY *vs.* SABIN P. SANGER.

Norfolk.    January 16, 1925. — January 20, 1925.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, & CARROLL, JJ.

*Practice, Civil,* New trial, Exceptions.

No exception lies to the denial by a trial judge of a motion for a new trial grounded upon an allegation that the judge had charged upon the facts.

No party as matter of right can raise on a motion to set aside a verdict a question of law which might have been raised before verdict.

TWO ACTIONS OF TORT, the plaintiff in one being the defendant in the other, for damages resulting from a collision between automobiles owned by the parties respectively. Writs dated December 26, 1923, and February 8, 1924.

In the Superior Court, the actions were tried together before *McLaughlin,* J. The jury found for the plaintiff in the first action in the sum of $438.42, and for the defendant in the second action. Motions by Milbury and proceedings with regard thereto are described in the opinion. The bill of exceptions states: "To the refusal of the court to grant a new trial for the reasons set forth in said amendment [of the motions for new trial], Milbury duly excepted."

*F. M. Carroll,* for Milbury.

*G. Hoague,* for Sanger.

BY THE COURT. These are two actions of tort tried together and arising out of a collision between two automobiles, one owned by each of the parties. The case was tried fully in the Superior Court. No exceptions were taken. The verdicts were in favor of Sanger. Thereafter Milbury filed a motion for a new trial in each case, alleging that the verdict was against the law, against the evidence, and against the weight of the evidence. About two weeks later an amendment to these motions, specifying that the presiding judge had charged upon the facts, was allowed against Sanger's objection and exception, " if the court had power to do so." The motions as amended were overruled. To the refusal to grant a new trial for the reasons set forth in the amendment Milbury excepted.

No question of law is presented on this record. No party can as matter of right raise a question of law on the motion to set aside a verdict which might have been raised before verdict. The granting of the motion for a new trial rested in the sound discretion of the trial judge. *Lonergan* v. *American Railway Express Co.* 250 Mass. 30. No intimation is to be inferred from this ground of decision that there was any error in the charge as given, if such question were open. Double costs are awarded to Sanger. G. L. c. 211, § 10.

*Exceptions overruled.*