FRED TOSCANI, BY HIS NEXT FRIEND, ANTHONY TOS-
CANI, AND ANTHONY TOSCANI, PLAINTIFFS, v. ABE
LITSKY, DEFENDANT.

Decided January 18, 1927.

**Negligence—Boy Injured While Employed in Work Prohibited
by Statute—Judgment Against Both Employer, Corporation,
and These Defendants, the Employing Superintendent—
Judgment Not Yet Paid by Employer Corporation, and This
One Will Not be Set Aside—Other Grounds For Rule Not
Sustained.**

On defendant's rule for new trial.

Before Justices BLACK and CAMPBELL.

For the rule, *Harry H. Weinberger.*

*Contra, Feder & Rinzler.*

PER CURIAM.

The action was brought to recover damages for injuries to the minor plaintiff, a boy of fourteen years of age, and the resulting loss to the other plaintiff, his father.

The injuries resulted while the boy was engaged in work prohibited by the statute, known as "An act regulating the age, employment, safety, health and work hours of persons, employes and operatives in mercantile establishments" (*Pamph. L.* 1911, *p.* 194), and the supplements and amendments thereto.

The infant plaintiff has a verdict for $800 and his father for $200.

We are asked to set these verdicts aside for several reasons:

1. Because plaintiffs already have a judgment against the National Compo Company in a suit based upon the same cause of action. This company was the employer, while the defendant in the present action was its superintendent and agent who actually employed the infant and directed the work to be performed by him. The proofs are that the judgment against the Compo company has not been paid either in whole or part. This ground is therefore unavailing.

2. Refusal to nonsuit upon the ground that the liability is that of the employer and not that of this defendant.

But this is without merit because the prohibition of the statute before referred to reaches not only to the employer but the officers and agents of a corporation and the members of any firm.

3. That the verdicts are excessive. They clearly are not.

4. That the court erroneously permitted testimony as to improper ventilation of the working place.

This was alleged in the complaint, and although there was proofs thereof, it was not pursued and no reference was made thereto by the trial court in the instruction to the jury.

5. That court erred in charging that there was no disputed facts. We find the charge legally correct in respect to this complaint against it.

The rule to show cause will be discharged, with costs.