ANNETTE E. EMERSON *v.* UNIVERSAL PRODUCTS COMPANY, INCORPORATED, a corporation of the State of Delaware.

(*January* 30, 1934.)

RICHARDS and RODNEY, J. J., sitting.

*Hugh M. Morris* and *Ivan Culbertson* for plaintiff.

*Charles F. Curley, William G. Mahaffy, James M. Tunnell,* and *William E. Hann* (of the Detroit, Michigan, Bar, admitted *pro hac vice*) for defendant.

Superior Court for Sussex County, Sums. Case, No. 26, June Term, 1931.

RODNEY, J., delivering the opinion of the Court:

This is a motion for a new trial. The action was brought to recover royalties alleged to be due from the Assignee to the Assignor of certain patent rights concerning a mechanical joint used in the manufacture of automobiles.

Succinctly the plaintiff proved a contract providing for certain royalties; the defendant had paid an amount for royalties and relies upon a modification of the original contract reducing the royalties as to a certain type of joints and contended that the payments made had been in full for the royalties on the joints covered by the modified contract. The evidence tending to show the alleged modification of the original contract consisted of personal interviews, a course of conduct and a great mass of telegrams and letters constituting the correspondence between the parties. The question as to whether or not the original contract had been modified was submitted to the jury as a question of fact and the jury by their verdict found, substantially, for the full amount claimed by the plaintiff.

The defendant has moved for a new trial based upon the contention that the plaintiff did not answer the defendant's testimony tending to substantiate the modification of the original contract as to royalties on certain types of joints and that, therefore, there was no evidence that the reduction was not agreed to. In short the defendant contends that there was no evidence on the part of the plaintiff that the contract was not modified.

This Court has given to the matter an especially careful consideration due to the amount of the judgment but we are convinced that the amount of the judgment, in

itself, furnishes no warrant for our departure from established principles of law if such principles be otherwise applicable to the controversy.

The plaintiff insists that the modification of the original contract was not conclusively proved by the defendant and that there was evidence to prove that the contract was not modified or could not have been effective as a modified contract. We do not propose to go at length into these matters but the failure so to do may not be assumed to be an unqualified acceptance of the views of the defendant.

· The question we desire briefly to discuss arises from the fact that the defendant's contention that there was an entire failure of proof to substantiate the verdict (as to one distinct branch of the case) is presented now on motion for a new trial for the first time.

At the trial there was no motion for a directed verdict nor other motion raising any question of the sufficiency of the evidence.

Following the course of the defendant on his brief we will not discuss cases based upon the excessive amount of the verdict or upon the issue that the verdict was against the weight of the evidence or upon the· issue of after discovered evidence but confine the present consideration to the claim of absence of any evidence to support the verdict.

■ The defendant concedes that an appellate court, in the absence of an assignment of error to the trial court's refusal to direct a verdict, cannot consider the issue of whether there was evidence to support a given verdict. The reason upon which that principle is based bears a striking analogy to the reason requiring a motion for a directed verdict as a basis for a new trial on the ground of the lack of any evidence to sustain the verdict.

The underlying reason of both is that each party is

entitled to but one fair and impartial trial free from legal error.

■ The policy of the law, however, in doing justice between the litigants is not confined to the actual trial of the issues involved but concerns itself with the speedy termination of the litigation after each of the parties has had a reasonable opportunity for a full presentation of his side of the controversy.

■■ In many cases, especially if the trial has been a prolonged one, if, upon the closing of the plaintiff's case or upon the final conclusion of the trial, there be doubt that the evidence warrants the submission of the issues to the jury, and this question be raised by proper motion, the Court will, in its sound legal discretion, allow the case to be reopened and the parties be given an opportunity to supplement the given evidence by any available testimony. So too, the Courts exercise a liberal discretion (supplemented by Statute) in allowing amendments or continuances upon the application of either party when, by reason of variance or insufficiency of proof, justice cannot be done between the parties.

■ When, however, at the conclusion of the case neither party has raised any question as to the sufficiency of the testimony and both parties concede that there was sufficient evidence to require the submission of the case to the jury and each takes the chance of concluding the other upon the facts as found by the jury and there be no valid legal exception to the charge then the parties cannot retrace their steps and raise legal objections to matters theretofore admitted by them. To permit this would be to allow one merely to gamble with the effect of the jury's verdict with no possibility of danger while, by timely objections, any deficiencies might have been obviated by proof or amendment.

Obviously the case is different where an objection has been made and the case has been submitted to the jury over the objection of the party.

In Pennsylvania it is said (*Kehres v. Stuempfle,* 288 *Pa.* 534, 136 *A.* 794, 795),

"The question of the disagreement between *probata and allegata* may be raised" (1) when proof is offered (2) on motion for a non-suit and (3) on motion for binding instructions in which the reason is assigned. "If, however, no objection is made to the testimony, and the specific reason is not assigned on the motion for a nonsuit or in the point for binding instructions, then the defendant, having taken his chance, may not thereafter raise the question."

See, also, *Kardon v. Crescent N. & C. Co.,* 100 *Pa. Super.* 444.

In Massachusetts in *Ryan v. Hickey,* 240 *Mass.* 46, 132 *N. E.* 718, 719, the Court said,

"The point upon which the petitioner relies is that her motion for a new trial ought to have been granted because at the trial before the jury there was as matter of law no evidence to support a verdict against her. That was a question of law which might and hence ought to have been raised at the jury trial. That was the time for saving exception on that ground, and no right of the petitioner was invaded by subsequent action if she failed to act then."

In *Sanger v. Milbury,* 250 *Mass.* 580, 146 *N. E.* 45, 46, it is said,

"No party can as matter of right raise a question of law on the motion to set aside a verdict which might have been raised before verdict."

In *Crowdis v. Hayward,* 233 *Mass.* 377, 124 *N. E.* 33, it is held that a motion for new trial based on questions of law which could have been raised at the trial was properly denied.

In *Energy Electric Co. v. General Electric Co.,* 262 *Mass.* 534, 160 *N. E.* 278, 279, the Court held,

"Where all questions of law sought to be raised * * * on motion for new trial might have been made subject of exceptions at trial but were not, the court properly denied motion for new trial."

See, also, *Lonergan v. American Railway Express Co.,* 250 *Mass.* 30, 144 *N. E.* 756, 758.

In *Re Bathwick's Estate,* 241 *Mich.* 156, 216 *N. W.* 420, 421, a motion was made for a new trial after verdict. The Court said,

"It is here insisted that the evidence * * * is all one way— is undisputed. If this were so, contestant should have moved for a directed verdict, and not raised the question for the first time on motion for a new trial."

In *Colwell v. Alpena Power Co.,* 178 *Mich.* 183, 144 *N. W.* 516, 517, upon a motion for a new trial one ground set up was that the verdict was against the law. The Court said,

"We gather from the remarks of the trial judge in denying the motion that the claim that plaintiff had not shown a good title was then for the first time made. It was then too late."

In *Ward v. Carey,* 200 *Mich.* 217, 166 *N. W.* 952, it was held that where the defendant might have raised the issue of the plaintiff's right to sue on account of failure to file a certificate of partnership but did not do so such issue could not be raised for the first time on motion for new trial.

In *Cadorette v. Markarian,* 80 *N. H.* 591, 117 *A.* 459, the Court held that the defendant's contention that there was no evidence to support the verdict came too late after submission of the case to the jury without objection. See, also, *Elwell v. Roper,* 72 *N. H.* 585, 58 *A.* 507, 508, 509.

In *Farnham v. Anderson,* 74 *N. H.* 405, 68 *A.* 459, the Court said,

"We are therefore called upon to consider whether the question of the sufficiency of evidence to support a material issue in a case can be raised by a motion made at this stage of the proceedings. This is not the first time the question has been before the court. An examination of the cases discloses that it has been held that the moving party waives his right to call in question the sufficiency of the evidence to sustain such an issue, when his motion is not season-

ably made, and that it is not seasonably made after the case has been submitted to the court or the jury."

In Idaho in *Peck v. Nixon*, 47 *Idaho* 675, 277 *P.* 1112, the Court held that any variance between the pleading and proof could not be raised for the first time on motion for a new trial or in the Supreme Court on appeal.

In New Jersey in *Toscani v. Litsky*, 135 *A.* 667, 5 *N. J. Misc.* 100, the Court held that on motion for a new trial the verdict cannot be attacked for reasons which could have been but were not urged at or before the trial.

In New York the cases seem in some conflict which is more apparent than real; *Peake v. Bell*, 7 *Hun* 454; *Barrett v. Third Ave. R. Co.*, 45 *N. Y.* 628, 632, and *Keeler v. Barretts, etc., Dyeing Establishment*, 54 *N. Y. Super. Ct.* 369, support the views as herein expressed while the other cases seem to take the contrary view. The New York cases, however, can be reconciled by an understanding of the rule as laid down in *Slater v. Drescher*, 72 *Hun* 425, 25 *N. Y. S.* 153. There the Court indicated that if the motion for a new trial is based upon the fact that there was no evidence at all to support the verdict that in such case there must have been a prior request for a directed verdict for the reason that the ruling of the trial court would have been on a question of law and have been followed by a legal exception, but if the new trial be sought because the verdict was against the weight of the evidence, under the *Code of Practice,* that in such cases there need be no antecedent request for a directed verdict for in such cases a directed verdict could not have been granted.

The more recent case of *Habeeb v. Daas*, 111 *Misc.* 437, 181 *N. Y. S.* 392, holds that the defendant cannot on a motion for a new trial urge grounds which if raised during the trial might have been obviated by proof or amendment.

While the facts are dissimilar the reasoning of Lord

Halsbury in *Nevill v. Fine Art and Ins. Co.* [1897], *A. C.* 63 at *page* 76, may not be without interest:

"If you are complaining of non-direction of the Judge or that he did not leave a question to the jury if you had an opportunity of asking him to do it and abstained from asking for it, no Court would ever grant you a new trial; for the obvious reason that if you thought you had got enough you were not allowed to stand aside and let all the expense be incurred and a new trial ordered simply because of your own neglect."

All that we have heretofore said or quoted has been based upon the assumption that the defendant merely remained quiescent and made no motion for a directed verdict on the ground that there was no evidence to support a verdict for the plaintiff. In reality the facts of this case go much further. The defendant affirmatively asked the Court to submit to the jury as a question of fact whether or not the original contract had been modified.

The defendant asked that the jury be charged:

"5. That the jury must determine whether plaintiff and defendant on or about December, 1927, modified the original agreement by reducing the royalty payable on the G type joints 300 and 200 size.

"6. In determining whether the parties on or about December, 1927, agreed to change the amount of royalty payable on a certain type of joints, you are free to consider the acts of the parties both before and after such time, because what parties do under a contract is persuasive as to their understanding of it.

"7. If, after December, 1927, plaintiff knew from the monthly reports sent to her by defendant that royalty on the G type joint was being paid at the reduced royalty rate, and made no objection or protest, such absence of objection or protests tends to prove the existence of the new agreement as to reduction of royalty rate.

"8. A contract, or a modification of an existing contract may be shown either by an express writing signed by the parties, or circumstantially by means of conversations, telegrams, letters and other papers passing between the parties. In this case there have been admitted into evidence telegrams, letters, and other papers passing between the plaintiff and defendant between September, 1925, and December 5, 1927, as evidence of the plaintiff's agreement to a change in the royalty rate theretofore payable. It is for you to determine from all the evidence, including such telegrams, letters and other papers, whether the modification of royalty rate claimed by defendant has been shown."

This Court, in the plainest language at its command, adopted, as to the matter here in issue, every suggestion of the defendant and granted every prayer. No objection is now made to the charge of the Court in this particular, but the defendant, in effect, now urges that the Court should have refused the defendant's own prayers and, of the Court's own volition and upon its own motion, should have instructed the jury that there was no evidence to sustain a verdict upon the specified portion of the contract. This would seem to be contrary to the almost universal rule that a party cannot object to instructions given at his own request or complain of instructions which are in full accord with his theory of the case. See 1 *Randall Inst. to Juries,* page 930.

In answer to the contention that the defendant should have moved for a directed verdict if there was no evidence at all to rebut the defendant's proof of modification of the contract, the defendant suggests "it is obvious that the Court would not have granted such a request because of the inability at that time to clearly know all of the evidence in the record on such issue." It is only necessary to say that if the Court itself failed to retain a knowledge or grasp of the evidence, its recollection could have been supplemented by counsel, and in any event it was that same evidence that was discussed at length to the jury, and on the strength of which, counsel expected and required the jury to base its verdict.

There is a legal maxim *"consensus tollit errorem"* which freely translated means "the asquiescence of a party who might take advantage of an error obviates its effect." If the maxim has application to this case, and we think it has, it means that a party cannot, itself raise an issue, expressly ask and obtain submission of that direct issue to the jury as a question of fact on the evidence, and then on motion for a new trial complain that there was no

evidence to sustain the given issue and the resulting judgment. *Broom's Legal Maxims* 58; 12 *C. J.* 515; see *Eannetta v. Delaware, L. & W. R. Co.*, 129 *A.* 232, 3 *N. J. Misc.* 834; *Lane v. Kingsberry*, 11 *Mo.* 402, 408.

The motion for a new trial must be refused.