PEOPLE, *for use of* HOLMES, *v.* GRANT.

1. APPEAL—REVIEW OF PROCEEDINGS—FAILURE TO OBJECT.
   Counsel may not sit by during the progress of a trial, interpose no objection, raise no question to be passed upon by the trial court, and afterwards, upon appeal, assign error upon the proceedings.

2. INQUEST—ACTION ON CONTRACTOR'S BOND—COURT RULES.
   Whether, under Circuit Court Rule No. 14, an inquest may properly be taken in an action upon a bond given by a contractor under 3 How. Stat. § 8411*a*, for the protection of laborers and material men,—*quære.*

Error to Wayne; Carpenter, J. Submitted June 8, 1898. Decided July 12, 1898.

*Assumpsit* by the people of the State of Michigan, for the use and benefit of Frank B. Holmes and Albert R. Strachan, against James Grant and others, upon a statutory bond. From a judgment for plaintiffs, defendants bring error. Affirmed.

*John J. Speed*, for appellants.

*C. E. Warner*, for appellees.

LONG, J. This suit was brought to enforce the liability of the defendant James Grant as principal, and the other

defendants as sureties, on a bond taken by the city of Detroit under 3 How. Stat. § 8411*a*. The declaration alleges that defendant James Grant entered into a contract with the city of Detroit for paving, and that the bond was taken to secure the payment by the contractor for labor and material furnished in such work. The bond was in the penal sum of $1,664, and is conditioned that if the principal "shall well and truly pay, as the same may become due and payable, all indebtedness which may become due to any person, firm, or corporation on account of any labor performed or material furnished in the construction * * * of such * * * improvement, then this obligation shall be void." The declaration further avers the furnishing of a quantity of stone by Holmes & Strachan, and that the same was received by James Grant, and actually used in the work, and that defendants thereupon became liable to pay the price thereof. The defendants pleaded the general issue, and gave notice of payment and recoupment. A bill of particulars was demanded of plaintiffs, and furnished by them, claiming $1,588.88, with payments indorsed thereon of $710.45, leaving a balance due of $878.43, exclusive of interest. Notice of inquest was given under Circuit Court Rule 14. On April 12, 1898, being the seventh day of the term, the case was called and inquest taken under the rule. Judgment was entered on that date, but the judgment was afterwards set aside by the court, and a new judgment entered *nunc pro tunc* as of April 12, 1898, for $897.43. This judgment, in form, recites the calling and impaneling of a jury. It also recites that "the parties being in court by their respective attorneys, and the cause coming on for trial on inquest as aforesaid, no express objection being made thereto, and from that the court did not understand that there was any objection, it being understood, however, that defendants' counsel consented to nothing, and no affidavit of merits having been filed and served under the rules and practice of this court, and no defense being offered or interposed, thereupon came a jury trial,

to wit," etc. Defendants' counsel caused a writ of error to issue from this court, and assigns as error the taking of the inquest, instead of a trial being had as provided by the general practice of the court. It is alleged that Rule 14 has no application to such cases.

Rule 14 provides:

"(a) The plaintiff in any action on money bonds, promissory notes, or bills of exchange, at issue as well as at default, may have the same called out of its order on the calendar, and an inquest taken and judgment rendered thereon, on any day of the term after the first, in all cases where parties are sued in their individual capacity, unless the defendant or his attorney shall, before the first day of the term, have filed an affidavit of merits, and served a copy thereof on plaintiff's attorney: *Provided,* the intention of the plaintiff to take an inquest under the rule be expressed in the notice of trial.

"(b) The plaintiff in any action on an open account may have the same called out of its order on the calendar, and judgment rendered thereon, on any day of the term after the first, unless the defendant or his attorney shall, before the first day of the term, have filed an affidavit of merits, and served a copy thereof on plaintiff's attorney: *Provided,* the intention of the plaintiff to take such course under the rule be expressed in the notice of trial, and the same be accompanied by the affidavit of the plaintiff, his agent or attorney, showing the amount of the indebtedness over and above all legal set-offs, and that he has good reason to believe, and does believe, that the defendant has no defense to the plaintiff's action, and that he believes the plea is interposed for the sole purpose of delay: and *Provided further,* that a bill of particulars of plaintiff's demand, containing the debit and credit items of the account, accompany the notice of trial and inquest, unless the same shall have been previously filed and served."

The notice of inquest is returned in the record, together with the affidavit of Frank B. Holmes, one of the plaintiffs, in substantial compliance with Rule 14, stating the amount of the account over and above all legal set-offs. The bill of particulars containing the debit and credit items of the account had before this been filed in the case and served upon defendants' counsel.

We are not called upon to determine whether the present case could have been noticed for inquest under Rule 14. The judgment entry shows that the parties were in court by their respective attorneys, and the cause came on for trial on inquest, and no express objection was made thereto, and the court did not understand that any objection to an inquest was made. No affidavit of merits was filed or served, and no defense was offered or interposed.

The question is presented whether counsel can sit by during the progress of a trial, interpose no objection, raise no question to be passed upon by the trial court, and afterwards come into this court and assign errors upon the proceedings to which he made no objection. Such practice is not to be commended. In *Rayl* v. *Hammond's Estate,* 95 Mich. 22, it was said: "It is the duty of counsel to present their propositions of law, and of the court to specifically pass upon them, or such of them as he deems to be decisive of the case." If the case was one in which an inquest could not properly be taken, and the attention of the court had been properly called to the fact, undoubtedly the court would have compelled the proceedings to be taken under the usual practice, and defendants permitted to interpose their defense upon the merits. Fairness to the court and counsel demanded this course. If the record had not shown that counsel for defendants was present at the trial, we should feel called upon to pass upon the question whether the case was one proper for an inquest; but, as the record now stands, we are not inclined to do so.

The judgment must be affirmed.

The other Justices concurred.