SELLING *v.* BERGER.

APPEAL AND ERROR—SAVING QUESTIONS FOR REVIEW.

The Supreme Court will not consider the constitutionality of Circuit Court Rule 14 on error, where the plaintiff took judgment on inquest after a compliance with the rule, and the objection relied on was not made by defendant's counsel who appeared at the inquest, and was not raised until the filing of a motion for a new trial.

Error to Wayne; Murfin, J. Submitted April 6, 1910. (Docket No. 6.) Decided June 6, 1910.

Assumpsit by Bernard B. Selling against Emanuel T. Berger upon a promissory note. A judgment for plaintiff is reviewed by defendant on writ of error. Affirmed.

*Eugene A. Walling*, for appellant.

*Edwin S. Bartlett*, for appellee.

BLAIR, J. A suit was begun in assumpsit by the plaintiff in the above-entitled cause against the defendant by declaration on the common counts, setting forth specifi-

cally a promissory note given to the plaintiff by the defendant in 1905, on which declaration was indorsed a rule to plead and service of which was duly had.  On June 2, 1909, defendant appeared by his attorney and pleaded the general issue, giving express notice of special defenses. Thereafter, on the following day, June 3, 1909, more than 14 days before the first day of the July term (July 6, 1909), plaintiff served upon defendant's attorney a note of issue on the general printed form used in the city of Detroit, and interlined in ink on the notice for demand of trial the words "on inquest."  After the words "trial by jury" in the note of issue were inserted the words, clearly and distinctly, "No, on inquest."  And "on inquest" also appeared in the notice of trial.  According to defendant's testimony, his counsel saw the words "on inquest," but read the words "on argument."  Subsequently, and several days after the first day of the July term, plaintiff came before Hon. James O. Murfin, circuit judge, with request that judgment be entered in his favor, of which fact the defendant's attorney was notified several days in advance.  An affidavit of merits signed by the defendant was on the day of the hearing filed and served, and the case adjourned for two days, owing to the absence of the defendant from the city.  Finally, on the 17th day of July, A. D. 1909, plaintiff again appeared before Hon. James O. Murfin, circuit judge, and both the defendant and his attorney were in court.  Thereupon the following occurred, as shown by the record:

"*The Court:* I am familiar with the conditions of the pleadings and all that.  Do you know of any way whereby I can permit you to make a substantial defense to this action?

"*Mr. Berger:* I do not.

"*The Court:* I don't either, and, because of that, shall not do it.  If I could find any way, I would let you do it.

"*Mr. Berger:* That is the unfortunate part of it, Mr. Hawley's ignorance of the inquest proceedings.  Not having referred it to me, of course I am precluded—

"*The Court:* Do you wish to cross-examine Mr. Selling after his computation ?

"*Mr. Berger:* Absolutely not at all.

"*The Court:* Very well. Enter judgment for $2,-981.60."

A motion for a new trial, based upon the unconstitutionality of Circuit Court Rule 14 was overruled, and defendant has removed the record to this court for review upon writ of error. The assignments of error challenge the constitutionality of said Rule 14.

Although we are entirely satisfied that there is no merit in defendant's contention that Circuit Court Rule 14 is invalid, as depriving litigants of their constitutional right to defend suits against them, as depriving them of their property without due process of law, we must decline to consider the question upon this record, in view of defendant's response to the questions of the trial judge. *People, for use of Holmes,* v. *Grant,* 117 Mich. 613 (76 N. W. 99).

The judgment is affirmed.

MOORE, MCALVAY, BROOKE, and STONE, JJ., concurred.