WARD *v.* CAREY.

1. APPEAL AND ERROR—ASSIGNMENTS — WAIVER — SUPREME COURT RULE.

Assignments of error not discussed in counsel's brief must be deemed to be waived and abandoned. Supreme Court Rule No. 40.

2. CONVERSION—EVIDENCE—PARTNERSHIP— AUTOMOBILES — RECEIPT —AUTHORITY OF PARTNER TO SIGN FIRM NAME.

Where plaintiffs, in an action for the conversion of an automobile sold to them as part of the property of a garage business, of which they claimed to have been put in possession by the vendors, copartners, which fact was in dispute, a receipt for part of the purchase price, signed in the firm name by one of the partners, in the presence of the other, who received the money, was admissible as proof of the transaction, and was not open to the objection that there was no evidence that the signer was authorized to sign the firm name.

3. SAME—EVIDENCE—ACTS OF DOMINION—DEMAND.

Under plaintiffs' theory' of the case that there had been a completed sale, it was competent for them to show their acts of dominion over the property after the sale, and also to show that after defendant took the car they made a demand on him for it, and what conversation was had between the parties on that occasion.

4. SAME—VALUE OF CAR—WITNESSES—COMPETENCY.

Where a witness testified that he was in the business of selling automobiles; that he had handled cars for eleven years; that he was the agent for the same make of car, and was engaged in selling them; that he had seen and driven the car in question, he was qualified to testify as to its value, and the price at which it was sold.

5. SAME—RESCISSION—CONTRACTS—INABILITY TO PERFORM—TRIAL.

The exclusion of testimony as to the ownership of the lease, attempted to be developed by defendant on cross-examination, for the purpose of showing a rescission of the contract of sale to plaintiffs by the vendors, and a subsequent sale of the automobile to defendant, for the reason that

the vendors were unable to transfer the lease, was not error, since their inability to perform would not entitle them to rescind, nor release them from their obligation to perform.

6. APPEAL AND ERROR—EVIDENCE—CUMULATIVE EVIDENCE.
Where one of the plaintiffs had already testified that he was present when defendant took the car, and did not protest, it was not prejudicial error to exclude further evidence of the fact.

7. TRIAL—EVIDENCE—REBUTTAL.
There was no error in permitting plaintiffs, in rebuttal, to contradict evidence given by defendant's witnesses.

8. SAME—EVIDENCE—ISSUE—QUESTION FOR JURY.
Testimony of three witnesses to the fact that plaintiffs were copartners was sufficient to take the question to the jury.

9. CONVERSION—TRIAL—BONA FIDE PURCHASER.
The court below was not in error in refusing to direct a verdict for defendant on the ground that he was a *bona fide* purchaser of the automobile, since his belief that his vendor was the true owner could not defeat recovery by the true owner.

10. NEW TRIAL—WEIGHT OF EVIDENCE.
A motion for a new trial on the ground that the verdict was against the great weight of the evidence was properly denied.

11. APPEAL AND ERROR—PLEADING—PRACTICE—DEFENSES—REVIEW.
The question as to plaintiffs' failure to file their certificate of copartnership, as required by the statute, cannot be raised for the first time by defendant upon motion for a new trial.

Error to Ingham; Collingwood, J. Submitted January 9, 1918. (Docket No. 23.) Decided March 27, 1918.

Case by Frank Ward, Harry Scarlett and Albert Scarlett, copartners as Ward, Scarletts & Co., against James J. Carey for the conversion of an automobile. Judgment for plaintiffs. Defendant brings error. Affirmed.

*John F. Berry,* for appellant.

*Seymour H. Person,* for appellee.

FELLOWS, J.    January 4, 1916, John A. Hicks and
Charles Dunn were operating a garage and Oakland
sales agency on Michigan avenue east, in the city of
Lansing.    It was known as the Central Garage.    At
the same time plaintiffs were operating a garage at
North Lansing and were handling the Chevrolet cars.
On the evening in question the parties, having pre-
viously had some negotiations, got together at plain-
tiffs' office in North Lansing, and finally agreed upon
the terms of a sale of the Central Garage to plaintiffs
for the sum of $1,400.    Fifty dollars was paid on the
purchase price and a receipt given therefor.    The
assets of the Central Garage consisted of one Oak-
land-six car, some accessories, and the lease of the
location.    On January 5th, some or all of the plaintiffs
went to the Central Garage.    The extent to which
they took possession of the garage and its contents is
one of the disputed questions in the case; plaintiffs
insisting that they were given the keys and that full
and exclusive possession was turned over to them;
that they were introduced to customers and the em-
ployees as the purchasers and proprietors of the gar-
age, had complete dominion of the garage and that
the sale was a completed sale, except that the lease
was not assigned to them, although it is undisputed
that they paid a month's rent to Mr. Dunn.    Much of
this testimony was controverted by testimony pro-
duced by the defendant, who insists that the sale to
plaintiffs was not a completed one, that exclusive pos-
session of the garage was not given plaintiffs; that
Hicks and Dunn were unable to procure an assign-
ment of their lease to plaintiffs, and that on the 7th
day of January, said Hicks and Dunn sold said busi-
ness, including the lease and the Oakland car to the

Capital Auto Company, and on the same day he bought the car of the Capital Auto Company in good faith and that he took possession of it at the Central Garage, and drove it away believing he had a right so to do. After defendant took the car plaintiffs demanded it of him, and, upon his refusal to comply with such demand, brought this action for its conversion. Plaintiffs had verdict and judgment and defendant reviews the case here.

There are 87 assignments of error and upon the argument defendant's counsel stated that they were all relied upon, but in the brief of counsel it is found that but few of them are discussed. Such as are not discussed in appellant's brief must be deemed to be waived and abandoned. Supreme Court Rule No. 40; *Nissly* v. *Railway Co.*, 168 Mich. 676; *Smith* v. *Construction Co.*, 175 Mich. 603. It therefore becomes unnecessary to consider all the assignments of error and we shall only examine those discussed in appellant's brief.

We have stated that on the evening of the 4th of January, fifty dollars was paid on the purchase price of the Central Garage and a receipt given. This receipt was signed in the firm name by Mr. Hicks, a member of the firm. When this receipt was offered in evidence defendant objected on the ground that there was no evidence that Mr. Hicks was authorized to sign the firm name. It is not claimed that these two men were not partners; indeed defendant claims title through such partnership. Plaintiffs claim that both Mr. Hicks and Mr. Dunn were present when this receipt was signed. Mr. Dunn was called as a witness by defendant and admitted that he was present at this transaction and when the receipt was signed, and that while Mr. Hicks signed the receipt the check for the $50 was given to him and he cashed it. Defendant's objection was without merit.

Under plaintiffs' theory of the case, that there had been a completed sale, it was competent for them to show their acts of dominion over the property after the evening of January 4th. It was also competent for them to show that after defendant took the car they made a demand on him for it and what conversation was had between the parties on that occasion.

It is next insisted that the court erred in permitting the witness, Harry Scarlett, one of the plaintiffs, to give evidence as to the value of this car, on the ground that he was not qualified. The witness had testified that he was in the business of selling automobiles, that he had handled cars about 11 years; that he had been the agent of the Oakland Company selling their Oakland sixes. He had seen and driven this car. He was, therefore, qualified to testify to the value of the car and the price at which it was sold. Both parties gave testimony tending to show that the car was a new one, had only been driven for demonstration purposes; defendant in his testimony says: "It had been driven a very few miles; I don't think it was a hundred miles if I remember correctly." There was no error committed in receiving this testimony of the witness Scarlett.

One of defendant's witnesses was asked the question: "You may state who held the lease to the property known or occupied by the Central Garage in the city of Lansing at that time?" The answer was excluded. We might dispose of this particular question by saying that it called for a conclusion of the witness and that the lease was the best evidence as to who was the lessee and what its terms were, or by calling attention to the fact that the record discloses that later in the case defendant was permitted to make proof by the witness Dunn of all that he sought to prove by this witness; but the theory of defendant in offering this and other proof requires attention. It

does not appear to be seriously controverted by plaintiffs that after the transaction on the evening of January 4th, Hicks and Dunn encountered difficulty in performing all the terms of their contract, in that they were unable to obtain consent to the transfer of their lease to the plaintiffs. Defendant insists and was permitted to prove that upon Hicks and Dunn learning that they could not transfer their lease to plaintiffs, Mr. Dunn so informed plaintiffs and tendered them the $50 paid on the evening of January 4th. He insists that this amounted to a rescission of the contract. In this he is in error. While it is true that upon failure of the vendor to perform a material part of his contract the vendee may elect to treat the contract at an end, still the vendor, upon learning his inability to perform a material part of the contract, may not rescind the contract and relieve himself from its terms, or an action for its breach. He has contracted to deliver to the vendee the property sold, and his inability to comply with his contract does not relieve him from its obligations. While the vendee may rescind for the default of the vendor, the vendor may not rescind for his own default. What we have here said applies to the offered telephone conversation on this subject.

Error is assigned upon the refusal of the court to permit defendant to testify that when he took the car Albert Scarlett, one of the plaintiffs, was present and did not protest. But Albert Scarlett had already given testimony in the case and had testified and admitted that he was present on this occasion and did not protest. It was not prejudicial error to exclude further evidence of a fact already proved and admitted by the other side. Whether the reason of the court for the ruling was correct or not, is unimportant. Nor was there error in permitting plaintiffs, in rebuttal, to in-

troduce evidence contradictory to evidence given by defendant's witness.

Defendant's counsel moved for a directed verdict on two grounds. The first of these being that there was no evidence that plaintiffs were partners. It is sufficient, in answer to this ground, to say that we find in the testimony of each of three witnesses sufficient to take this question to the jury. The other ground was that defendant was a *bona fide* purchaser of the car. If these plaintiffs were the owners of this car, and the jury found they were, defendant had no right to take and convert it to his own use. He does not claim to have acquired title through plaintiffs; the fact that he, in good faith, believed that the party from whom he purchased it was the rightful owner cannot defeat recovery by the true owner. The motion to direct a verdict for these two reasons was properly overruled.

Defendant moved for a new trial, alleging among other reasons, that the verdict was against the great weight of evidence. We are not persuaded that the verdict is against the weight of the evidence. It does not so appear to us, and we have read this record with care. In this motion defendant asks for a new trial because there was no proof that plaintiffs had filed their certificate of copartnership, as required by the statute. It is not pointed out in the motion, or in the brief whether defendant refers to Act No. 101, Pub. Acts 1907 (2 Comp. Laws 1915, §§ 6349-6353), or Act No. 164, Pub. Acts 1913 (2 Comp. Laws 1915, §§ 6354-6359), and authorities dealing with both acts are indiscriminately cited. While defendant was permitted to amend his notice so as to avail himself of this question, if he so desired, we are unable to find in the record that this question was in any way raised upon the trial. Such being the case it cannot be raised for the first time on a motion for a new trial. *Selling*

v. *Berger,* 161 Mich. 526; *Mahiat* v. *Codde,* 106 Mich. 387.

No reversible error having been pointed out in this record, the judgment is affirmed.

OSTRANDER, C. J., and BIRD, MOORE, STEERE, BROOKE, STONE, and KUHN, JJ., concurred.