KRANICH & BACH *v.* LOBELL.

1. CONTINUANCE—QUESTION BEFORE THE JUDGE—NEW TRIAL—APPEAL AND ERROR.
    Where all parties concerned, including the circuit judge, acted upon the assumption that, in deciding a motion for the continuance of a case over the June term, the matter before the judge involved only a second application for continuance, which was denied, the claim, made for the first time on motion for new trial, that the first continuance, granted at the April term, which did not state the time or term to which the case was continued, carried it over to the September term, and that the court was therefore without power to hear it at the June term, comes too late, and the Supreme Court will decline to pass upon it.

2. NEW TRIAL—QUESTIONS MAY NOT BE RAISED FOR FIRST TIME ON MOTION FOR.
    Questions may not be raised for the first time on motion for new trial.

3. CONTINUANCE—ABUSE OF DISCRETION.
    In the absence of a showing of abuse of discretion by the trial judge in denying a motion for a continuance, the Supreme Court will not reverse his decision.

Error to Muskegon; Vanderwerp (John), J. Submitted May 2, 1924. (Docket No. 140.) Decided June 2, 1924.

Assumpsit by Kranich & Bach, Inc., against Frederick J. Lobell for goods sold and delivered. Judgment for plaintiff. Defendant brings error. Affirmed.

*Macdonald & Macdonald,* for appellant.

*Bunker & Rogoski,* for appellee.

FELLOWS, J.  This case was on the April, 1923, calendar of the circuit court for Muskegon county. As we understand the record it had been set for trial before the court without a jury. On April 24th application for a continuance was submitted by defendant. It was in the usual form of a first application for continuance and was based on the inability to procure the testimony of two material witnesses residing in Chicago. An order was entered granting the continuance without specifying the term or time to which the case was continued. On July 5th defendant's counsel were notified that the case was again set down for trial on July 9th. On that day without making any claim that the case had been continued to the next (September) term of court, one of defendant's counsel stated to the court:

"I have a matter here for continuance in Kranich & Bach *v.* F. J. Lobell."

He then submitted an affidavit for continuance in form required for a second application (Circuit Court Rule No. 41). The testimony of the Chicago witnesses had not been taken and the trial judge after hearing counsel said:

"The application will be denied. In April it was desired to take the testimony of these same witnesses, and it is not shown by this affidavit that there has been any diligence along that line."

It was in no way intimated to the trial judge, so far as this record discloses, that he was called upon to decide any question except the sufficiency of the showing; no claim was made to him that the form of the order of April 24th took the case over to the September term, and all parties including the court acted on the assumption that the matter then before the court involved only a second application for continuance. Plaintiff recovered judgment, the defendant offering no testimony.

On July 26th motion was made to vacate this judgment and for a new trial before a jury. The supporting affidavits claimed that defendant understood that the case had been continued to the September term, and it was then insisted, as it is here, that the order of continuance carried the case over until the next (September) term, there being nothing in the order limiting its operation, and that the court was without power to hear the case before that time, at least without vacating the order of continuance. This is the sole question before us. We must decline to pass upon it. Questions may not be raised for the first time on a motion for a new trial. *Ward* v. *Carey*, 200 Mich. 217; *Conger* v. *Hall*, 158 Mich. 447; *People, for use of Holmes*, v. *Grant*, 117 Mich. 613; *Selling* v. *Berger*, 161 Mich. 526.

It is very clear that at the session of the court, July 9th, everyone proceeded on the theory that the case had not been continued to the September term. Defendant contributed to this by making an application for a continuance in form required for second applications and by not then claiming that the case had already been continued to the September term. The trial judge had a right to assume that he was called upon only to exercise his discretion upon the question of whether there should be a second continuance. Defendant asked the court to exercise his discretion and then grant a continuance; that was all he did ask the court to do. The court exercised such discretion but against defendant. We should not reverse such action unless there has been an abuse of discretion (*McNaughton* v. *Evert*, 116 Mich. 141; *Winklemeir* v. *Daiber*, 92 Mich. 621; *People* v. *Eamaus*, 207 Mich. 442) which does not appear upon this record.

The judgment will be affirmed.

CLARK, C. J., and McDONALD, BIRD, SHARPE, MOORE, STEERE, and WIEST, JJ., concurred.